GEORGE POE, JR., *vs.* THE ASSOCIATED PROFESSORS OF ST. MARY'S COLLEGE, GARNISHEES OF PHILIP McCLOS- KEY.—*December* 1846.

By the regulations of a college, the parents or guardians of scholars residing at a distance from the institution, were required to give security for board, tuition, &c.; the parent of a child in lieu thereof, deposited a sum with the agent of the college. HELD : that while the education of the children was in progress, unless the deposit was a fraudulent one, the sum so deposited by the parent could not be attached by his creditor, and the fact that the account, as kept in the books of the college, shewed a balance due the father when the attachment was laid, will not affect the original agreement.

The garnishees could not appropriate such special deposit, to the payment of *other claims,* which they might have had against the father.

If the specific object of the deposit had terminated, and a balance remained due the debtor, then it might be attached.

APPEAL from *Baltimore* county court.

This was an attachment on warrant, commenced on the 31st January 1843, by the appellant, to recover the amount of several promissory notes of *Philip McCloskey*. The warrant was laid in the hands of the appellees, who pleaded *non assumpsit*, by *Philip*, and *nulla bona*, as to themselves. In- terrogatories and answers were filed, but they do not appear to have been used before the jury. The verdict was for the appellee.

At the trial of the cause, the plaintiff proved the promissory notes of the defendant filed with the attachment papers.

The plaintiff then offered in evidence, by *Alexius J. Elder*, that witness has been for many years, and still is, book keeper and agent of the garnishees, and that on the 2nd November 1835, the defendant brought his two sons, *James* and *John*, to the said college, to put them for education; that witness asked him, who was to be the responsible guardian, for the payment of the bills, according to the usual conditions of the college? which conditions the said defendant then had in his hands, in print, and which are as follows:—

"Every student from a distance greater than five hundred miles, must have a responsible guardian in one of the commer- cial cities of the *United States*, within two hundred miles of

the city of *Baltimore,* who will oblige himself in writing, to make the regular payments; and to receive his ward, in case he should be discharged by the college. Bills are sent at the close of every six months; drafts, at ten days' sight, for the amount, are issued on parents or guardians."

The said defendant then said, "I will stand my own guardian:" and further promised and said, that he would always keep the college in advance. The defendant then left the boys at the college, and that said children are still at said college, under said agreement, and have not yet finished their course. The plaintiff also offered in evidence the account between the defendant and the said garnishees, as stated on the books of the college.

"Dr.—*Philip McCloskey, Esq.,* for sons *John* and *James,* in account with *St. Mary's College.*—2nd November 1835. To amount of bills rendered, $385."

The same items were repeated every six months, until 2nd November 1843. The whole amount of debits being $7083.96.

The credits were as follows :—

| | | | | |
|---|---|---|---:|---:|
| "1835.—Nov. | 2. | By cash, | $300 | 00 |
| | 3. | By cash, | 85 | 00 |
| 1836.—June | 20. | By cash, | 400 | 00 |
| Nov. | 28. | By cash, | 500 | 00 |
| 1837.—Aug. | 7. | By cash, | 500 | 00 |
| Dec. | 22. | By cash, | 750 | 00 |
| 1838.—Aug. | 4. | By cash, | 500 | 00 |
| Dec. | 5. | By cash, | 500 | 00 |
| 1839.—Aug. | 2. | By cash, | 500 | 00 |
| 1840.—Feb. | 6. | By cash, | 500 | 00 |
| June | 16. | By cash, | 500 | 00 |
| 1841.—Jan. | 2. | By cash, | 500 | 00 |
| Mar. | 24. | By cash, | 500 | 00 |

June   8.   By cash of *Patrick McClos-
key,* and by him ordered to
be placed to the credit of his

*Carried Forw'd,*   - $

*Brought Forw'd,* - $

brother's account, and for
his children, and so placed
immediately, - - - - 1240 80
1843.—Jan. 24. By cash, - - - - - - 385 00
June 15. By cash of *Patrick,* - - 400 00

$8060 80''

The plaintiff also offered in evidence, that the words appended to the entry of the 15th June 1843, were added by the witness about two months after the original entry was made; that the $1240.80, entered on the 8th of June 1841, and the sum of $400, entered on the 15th of June 1843, were paid to him by *Patrick McCloskey,* the brother of the defendant; and that when the said *P.* paid the $400, he told this witness, that it was his, *P's* money; and at the time of said last payment of $400, he, the said *Patrick,* said, that the $1240.80, was also his money: but that the said *P.* did not say so at the time it was left. That when the said *P.* paid the said sum of $1240.80, he directed the witness to place it to the credit of his brother *Philip's* account, and for his children; which was immediately done. The plaintiff also offered in evidence by said witness, that the terms of the said college for boarders, such as the children of said *Philip,* were as follows:

Boarding per annum, $140; tuition for all the branches comprised in the course, except music, drawing and dancing, per annum, $60, payable half yearly in advance; washing, &c., are extra expenses.

Upon which, the garnishees prayed the court to instruct the jury, as follows:

1st. If the jury believe, that the funds placed with the college, were there placed as stated in the evidence of *Mr. Elder,* as a fund to pay to the college, for the education of the children of the defendant, and that the education of the children was in progress at the time such deposit was made, and is still going on, and that the bills for such education are now sufficient to exhaust said funds, then the plaintiff cannot recover.

2nd. If the jury believe from the evidence, that the moneys paid by *P. McC.*, to the garnishees, as stated by the witness, were not the moneys of the defendant, *Philip McCloskey*, in this suit, then the plaintiff cannot recover in this suit. To the granting of which said prayers, the plaintiff objected, but the court, (PURVIANCE, A. J.,) overruled said objection, and granted said prayers. The plaintiff excepted.

The plaintiff then prayed the court to instruct the jury :

That if the jury believe from the evidence, that the defendant, *Philip McCloskey*, deposited in the hands of the garnishees in this cause, more funds than were necessary for his said childrens' board and tuition, according to the terms of the institution over which the garnishees presided, up to the time of laying this attachment, and for the half year in advance thereafter; and that at the time of laying said attachment in the hands of said garnishees, and since that time, there has been a surplus in the hands of said garnishees, from said *Philip's* deposits, over and above the amounts required to be deposited by the rules of said college, that the plaintiff is entitled to recover against said garnishees, to the extent of such surplus; which prayer the court refused to grant; the plaintiff excepted.

The judgment being against the plaintiff, he prosecuted the present appeal.

The cause was argued before DORSEY, CHAMBERS, SPENCE, MAGRUDER, and MARTIN, J.

MAGRUDER, J., delivered the opinion of this court.

The judgment of the court below, in this case, must be affirmed.

The plaintiff undertook to attach as the property of his debtor, money in the hands of the agent of the garnishees, placed in his hands to pay the board, education, and other expenses of two young gentlemen, sons of the debtor, while at college. These funds were there, in consequence of an agreement several years previously made, by their father, with the college. The education was in progress at the time of the attachment levied, and was at the time of the trial still going on. Such

was the proof, and the jury were instructed, that if they believed these facts, the plaintiff is not entitled to recover.

It is insisted, that the account for the tuition, board, &c., of these young gentlemen, was kept against the father, and these funds, therefore, were his funds, and answerable for his debts. It does not so appear to this court. Why they were there is distinctly proved, and the case would be the same if the young gentlemen, themselves, had been charged with the bills, and credited from time to time with the different sums of money placed in the hands of the agent of the garnishee, for their use, and to pay their bills.

If the garnishees had had other dealings with the debtor, and the latter had become indebted to them on account thereof, they could not have had a right to deduct from the funds in the hands of their agent, for the use of these scholars, the amount of such claim. If, when this attachment was laid in their hands, they had paid the amount of the plaintiff's claim, still they would have been bound to furnish the scholars with tuition, board, &c., until the fund was exhausted. Money deposited under such an agreement, and for such purposes, cannot be attached as goods, even of the person depositing them, and the garnishees would have been guilty of a breach of trust, if they had appropriated such funds to the payment of debts due from the father in this case, and then have claimed a right to deprive the scholars of the education, &c., which they undertook to give them, in consideration of the payments in advance to them. This would have been the case, even if it had been in proof, that all the moneys which garnishees received, belonged to the debtor in this case. According to the proof, however, a considerable part of this money had been paid by the uncle of the young gentlemen, and the second instruction of the court was, that if the jury believe from the evidence, that the moneys paid by *Patrick McCloskey,* (the uncle,) were not the moneys of *Philip McC.,* (the father and debtor,) then the plaintiff cannot recover. To this instruction, surely, there can be no well founded objection. The money of the former, appropriated as it was by its owner, could not be answerable for the debts of the latter, merely because

the person whose duty it was to keep an account of the moneys advanced, and expenses incurred, thought proper to keep that account in the way he did.

It cannot be material, that sometimes the sum in advance exceeded the sum, which, by the rules of the college, was to be paid, where there was a "guardian" who would oblige himself, in writing, to make the regular payments, unless the creditors of the person so advancing, could prove, that the transaction was fraudulent and void, as against them. This was not attempted to be shown.

If such guardian had been procured, the account, in all probability, would have been raised by the college against him, and yet, surely, because of this, his creditors could not have insisted, that the money paid from time to time by him in advance, could have been made answerable for his debts.

This money was paid for a specific purpose, and if the specific purpose was shown to be at an end, and that it had absorbed a certain sum only, and left a "balance," then, indeed, for such balance, the garnishees would be responsible; but to whom, it is not necessary to decide in this case. *See* the case of *Roberts, 3rd English Common Law Reports,* 132.

JUDGMENT AFFIRMED.