(Decided 25th June, 1874.)

---

THOMAS J. MYER and others *vs.* THE LIVERPOOL, LONDON AND GLOBE INSURANCE COMPANY, Garnishee of G. W. BITTINGER, *et al.*, and NATHAN EISENDRATH, Claimant of the fund attached.

*Attachment—Liability of a Foreign corporation to Attachment, in Maryland at the suit of a Resident, against a Non-resident, in respect to money due the latter on a policy of Insurance effected in another State upon goods located there. Construction of the Act of 1868, ch. 471, sec. 211, relating to suits against Foreign Corporations exercising franchises in this State.*

T. J. M. and others, citizens of Baltimore, sued out an attachment on warrant in the Superior Court of Baltimore City, against B. & Bros. citizens of Chicago, and caused the writ to be laid in the hands of a foreign insurance company, incorporated under the laws of Great Britain, doing business both in Baltimore and Chicago, by service upon the agent of the company in Baltimore. The purpose of the attachment, was to affect funds alleged to be due from the insurance company to B. & Bro. for a loss by fire upon goods of B. & Bro. in their store in Chicago, under a policy of insurance issued by the company at the office of its agent in Chicago. Upon the return of the writ, N. E. a citizen of Chicago intervened by petition claiming the insurance money by virtue of an assignment to him from B. & Bro. and moved the Court to quash the sheriff's return, making the insurance company garnishee. The insurance company by its counsel also made the same motion. The Act of 1868, ch. 471, sec. 211, provides that "suits against

a foreign corporation exercising franchises in this State may be brought by a resident of the State for any cause of action; and by a plaintiff not a resident of this State, *when the cause of action has arisen, or the subject of the action shall be situated in this State.*" HELD :

1st. That to bring a case within the first clause of the above provision, the liability sought to be enforced must be a direct liability to the resident plaintiff.

2nd. That the plaintiff in attachment as against the garnishee, is subrogated to the rights of the debtor, and can recover only by the same right, and to the same extent as the debtor might recover if he were suing the garnishee.

3rd. That the plaintiff cannot by process of attachment recover from the insurance company upon its contract with B. & Bro., as B. & Bro. could not themselves enforce the contract in the Courts of Maryland ; a foreign corporation exercising its franchises in this State, may be subjected to the process of garnishment where it holds property or credits of the debtor, for which the debtor might sue in the Courts of this State.

APPEAL from the Superior Court of Baltimore City.

The facts of the case are sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, GRASON and MILLER, J.

*F. P. Clark* and *Charles Marshall*, for the appellants.

Chapter 471 of the Acts of Assembly, passed at the session of 1868, prescribes the law now in force relative to corporations, both domestic and foreign. Sections 210 and 211 provide that suit may be brought against any corporation not incorporated under the laws of this State for "*any* cause of action," by a citizen of the State, and "*process* in such suits may be served as provided in section 210 ;" and sec. 212 is still more definite, providing for reaching a corporation that may have withdrawn its agent, and for serving "any writ or process issuing from the Courts of this State."

The language here used is sufficiently comprehensive to embrace an attachment preceding "any suit for any cause of action in which any writ or process issues from a Court of this State."

In *Paul vs. State of Virginia,* 8 *Wallace,* 168, (1868,) it is held that a State can impose any condition as a condition precedent to the admission of a foreign corporation to exercise its franchises in the State ; and by this statute no unreasonable exaction is made. It only provides that the stranger sojourning with us shall not enjoy privileges denied to our own citizens. It would therefore seem to be clear that the garnishment was properly made, and that the Court below should have sustained it. But were this doubtful, ch. 388, sec. 33 of the Act of Assembly, passed in 1872, would seem to have dispelled any such doubt. The wording of this Act is that "no insurance company, not of this State, shall do business in this State until it has filed with the Insurance Commissioner a written stipulation, duly authenticated by the company, agreeing that any legal *process affecting the company,* served, &c., shall have the same effect as if served personally, within this State,"—and in compliance with this statute, the letter of attorney was executed and filed as required. Language could not be more explicit; and as the Court of Appeals has decided (*Boyd vs. Ches. and Ohio Canal Co.,* 17 *Md.,* 195,) that the writ of garnishment is a "process," surely, it cannot be denied that by the terms of this statute any legal process affecting the company, must embrace a writ of this nature.

*Innes Randolph* and *Edward Otis Hinkley,* for the appellees.

There was no error in the opinion and judgment of the Court.

A non-resident cannot be subjected to garnishment unless when garnished, he have, in the State where the attach-

ment is obtained, property of the defendant, or be bound to pay to the defendant money or deliver him goods at some particular place in that State. The same principle, it has been repeatedly decided, applies to the garnishment of a foreign corporation. *Drake on Attachments, secs.* 474 *to* 477 *inclusive, and cases there cited ; Gold vs. Housatonic R. R.,* 1 *Gray,* 424 ; *Danforth vs. Penny,* 3 *Metcalf,* 564.

The Act of 1868, ch. 471, sec. 211, provides that *suits may be brought* against a foreign corporation exercising franchises in this State, by a resident of this State, for any cause of action ; and by a non-resident plaintiff when the cause of action has arisen or the subject of the action shall be situated in this State.

But the liability of the foreign corporation to the resident plaintiff must be a direct liability, for which it can be sued directly by the resident plaintiff. The present case is an attempt to reach the foreign insurance company, through the non-resident defendants, Bittinger & Bro. The test question is, could Bittinger & Bro. have maintained a suit in Maryland against this foreign corporation on these policies issued to them in Chicago ? If Bittinger could not, then the plaintiffs could not. For in every attachment case there are two issues to be tried.

1. The indebtedness of the defendant to the plaintiff.

2. Whether or not the garnishee is indebted to the defendant. *Kidder vs. Packard,* 13 *Mass.,* 81 ; *Smith vs. Boston Railroad,* 33 *N. H.,* 342 ; *Jones vs. Winchester,* 6 *N. H.,* 497 ; *Mackwith vs. Glasgow & Southwestern Railway Co.,* 8 *Exchequer,* 149 ; *Hart vs. Anthony,* 15 *Pick.* 445 ; 5 *English Reports,* (*Am. Reprint;*) *Camden Rolling Co. vs. Swede Iron Co.,* 32 *New Jersey,* 15 ; *Smith vs. Mutual Life Ins. Co.,* 14 *Allen,* 336 ; *Watson vs. Bourne,* 10 *Mass.,* 343.

If the doctrine contended for by the appellants were allowed, we might have imported into the Courts of this State litigation from all over the world.

This very insurance company effects insurances on warehouses in the City of London, and we might by similar process of attachment by a citizen of Maryland against an assured London merchant, be obliged to try the question of whether the company was liable for the loss sustained in a London fire. This certainly was never intended by the Legislature.

The scope of the power of attorney filed with the Comptroller of the Treasury of this State, under Act 1870, ch. 433, is only for the purpose of having an agent in this State upon whom legal process can be served, it cannot enlarge the liability of the company, or give jurisdiction to our Courts as to contracts, upon which it would not otherwise be liable to be sued in Maryland.

BARTOL, C. J., delivered the opinion of the Court.

The appellants, citizens of Maryland, sued out of the Superior Court of Baltimore City, an attachment on warrant against G. W. Bittinger & Brother as non-residents of Maryland, and who were residents of Chicago; and caused the attachment to be laid in the hands of the L., L. and G. Insurance Company as garnishee; the same being a corporation created by the laws of Great Britain, the service of the attachment process was made upon the agent of the Company in Baltimore, and its purpose was to attach funds alleged to be due from the Insurance Company to Bittinger & Bro., for a loss which occurred by the great fire in Chicago, upon goods of Bittinger & Brother in their store in Chicago; under a policy of insurance which had been issued by the Insurance Company at the office of its agent in Chicago.

Upon the return of the writ N. Eisendrath, a citizen of Chicago intervened by petition, claiming the insurance money, by virtue of an assignment to him from Bittinger & Bro.: and moved the Court to quash the sheriff's return, making the Insurance Company garnishee.

The Company also, by its counsel, made the same motion.

The facts as we have recited them, being admitted, the Superior Court ordered the return to be quashed; and we think there can be no doubt or question of the correctness of the judgment.

The Insurance Company was not liable to garnishment in this State, with respect to its liability upon the policy of insurance made to Bittinger & Brother.

The Act of 1868, ch. 471, sec. 211, provides that, "suits against a foreign corporation, exercising franchises in this State, may be brought by a resident of this State, for any cause of action; and by a plaintiff, not a resident of this State, *when the cause of action has arisen, or the subject of the action shall be situated in this State.*"

To bring a case within the first clause, the liability sought to be enforced must be a direct liability to the resident plaintiff, such is not the present case; there is no debt or liability of the Insurance Company to the appellants. The object of this suit is to recover from the garnishee, the debt due the plaintiffs from Bittinger & Bro. In order to accomplish this result it is necessary to establish and enforce the payment of an alleged debt due from the company to Bittinger & Bro. We do not doubt that a foreign corporation exercising its franchises in this State, may be subjected to the process of garnishment, where it holds property or credits of the debtor, for which the debtor might sue in our Courts. It is well settled that the plaintiff in attachment, as against the garnishee is subrogated to the rights of the debtor, and can recover only by the same right and to the same extent, as the debtor might recover, if he were suing the garnishee.

It is very clear that the appellants cannot, by process of attachment, recover from the Insurance Company, upon its contract with Bittinger & Bro., which contract these last could not themselves enforce in the Courts of Maryland.

APRIL TERM, 1874. 601

Myer, *et al.* *vs.* Liverpool, London & Globe Ins. Co., &c.

This proposition is very well expressed by Dixon, Ch. J., in *Brause vs. The New England F. I. Co.*, 21 *Wis.*, 509, (cited by the appellants,) " Foreign corporations are subject to process of garnishment, in all cases, *where an original action may be commenced against them, in the Courts of this State, to recover the debt*, in respect of which the process of garnishment is served."

Now Bittinger & Bro., could not sue the company in Maryland; because they are non-residents, and the contract of insurance was made in Chicago; and by the words of the Act of 1868 before cited, a foreign corporation is subjected to a suit by a non-resident, only *" when the cause of action has arisen, or the subject of the action is situated in this State."*

It follows that this attachment cannot be maintained against the company, in respect to its liability on the policy of insurance. The same not being a cause of action, upon which it can be sued in the Courts of this State.

Such in our judgment is the true construction and effect of the Act of 1868, ch. 471, secs. 209, 210 and 211.

We do not deem it material to refer to the power of attorney from the company given to their agent in Baltimore, in compliance with the Act of 1870, ch. 433, authorizing him to accept service of legal process, &c., because we treat the case as if the service had been upon the company; so far as the validity and effect of the process is concerned. But it is still a foreign corporation and must be so treated, in determining its liability to suit under the Act of Assembly.

Some stress was laid in the argument of the appellants, upon the admission made in the case, " that at the time the attachment was laid, and the garnishment made, and prior thereto, a loss had occurred under the policies of insurance, issued by the company to Bittinger & Bro."

But that admission in no manner affects the question. Our judgment rests upon the proposition, that the com-

pany is not liable to garnishment in this State, with respect to their liability upon the policies to Bittinger & Brother.

*Order affirmed.*

(Decided 25th June, 1874.)