(Decided 26th March, 1878.)

Sebastian Odend'hal, Garnishee of Maria T. Odend'hal *vs.* John Devlin, surviving partner of Joseph F. Tiralla.

*General rule as to the right of an Attaching creditor to recover against the Garnishee—Test of the Garnishee's liability—Myer, et al. vs. Liverpool, London & Globe Ins. Co., &c., 40 Md., 595, commented on—Relation of Debtor and Creditor as between Husband and Wife—When an Attachment against a Married woman may be laid in the hands of her Husband—Article 45, sec. 7, of the Code—Practice.*

The general rule is that the right of the attaching creditor to recover against the garnishee, depends upon the subsisting rights between the garnishee and

the debtor in the attachment, and the test of the garnishee's liability is that he has funds, property or credits in his hands belonging to the debtor, for which the latter would have the right to sue.

The general proposition stated in 40 *Md.*, 595, that "it is well settled, that the plaintiff in attachment as against the garnishee, is subrogated to the rights of the debtor, and can recover only by the same right and to the same extent, as the debtor might recover if he were suing the garnishee," must be understood as applicable to the case then under consideration; it is subject to some exceptions.

The relation of debtor and creditor may exist between husband and wife, growing out of the appropriation by him of the wife's separate estate, and is founded on an agreement by him to repay the money or property so appropriated. And when such a debt exists, the creditor of the wife may with respect thereto, by an attachment under Article 45, section 7, of the ' Code, against her separate estate, make her husband a garnishee.

Where there is great conflict in the testimony, but not a total failure of evidence on the part of the plaintiff, the Court commits no error in submitting the case to the determination of the jury.

APPEAL from the Superior Court of Baltimore City.

This suit was instituted by the appellee to recover a debt due him for goods and merchandise sold to Maria T. Odend'hal, a married woman, trading as a *féme sole.* The proceeding was by attachment under Article 45, section 7, of the Code, and the writ was laid in the hands of Sebastian Odend'hal, the husband of the defendant. He appeared and pleaded *non assumpsit* for the defendant and *nulla bona* for himself. On these pleas issues were joined. The garnishee also filed an additional plea alleging that he was the husband of the defendant. To this plea the plaintiff demurred and the Court sustained the demurrer. From the order sustaining the demurrer the garnishee appealed.

*First Exception.*—At the trial of the case, the plaintiff offered testimony tending to prove his account against the defendant; that the garnishee was indebted to the defendant for money which she had earned as a *féme sole* trader,

and that he had promised to pay her; also testimony tending to show the amount and value of the stock of goods in the store of the defendant a short time before the attachment was issued, and that she had transferred the same to the garnishee. As part of his proof the plaintiff offered an assignment from Henry McShane of certain property on Druid Hill Avenue, in the City of Baltimore, to the garnishee and his wife, dated the 10th of August, 1866, for $2600, a mortgage of the same property, dated 12th of April, 1867, to the Druid Hill Building Association of Baltimore, for the consideration of $1860, a further mortgage of the same property, dated 12th March, 1869, to Margaret S. Dunning for $2000, and an assignment from the garnishee and his wife of said property, dated 1st of October, 1869, to George F. Hartman, for $1600. The plaintiff testified that the money, or a part of it, employed in the purchase of said property came from the proceeds of the business of the defendant, and that a part of the money subsequently raised by its mortgage and sale, went into the business of the garnishee. The garnishee offered evidence to maintain the issues on his part. There was much conflict between the testimony offered by the garnishee and that given by the plaintiff. The garnishee excepted to the evidence of the plaintiff as to the purchase of the house on Druid Hill Avenue, and where the purchase money came from, and the disposition of the proceeds realized from the mortgage and sale of the property, also to the deeds and mortgages offered in evidence, as irrelevant and indefinite; also to the evidence of the plaintiff as to the amount of stock in the store, No. 75 Lexington Street, at the time of the attachment, his testimony being that his knowledge on the subject was gained by looking in at the front windows. The garnishee asked the Court to exclude the evidence so excepted to, from the consideration of the jury, but the Court overruled the exception and permitted the same to be given to the jury. The garnishee excepted.

*Second Exception.*—The plaintiff offered five prayers, the third and fifth of which are the following:

3. If the jury believe from the evidence that John Devlin and Joseph F. Tiralla, as co-partners, trading as Devlin & Tiralla, sold and delivered the goods mentioned in the account offered in evidence, to Maria T. Odend'hal, at the prices therein charged; that said goods have not been paid for, and that Joseph F. Tiralla is dead, and shall believe that Maria T. Odend'hal at the time of the sale and delivery of said goods, was a *féme sole* trader, and as such owned a stock of goods at 75 Lexington street, and on being informed that the plaintiff was about to attach said stock of goods, transferred them, without consideration and not *bona fide*, to Sebastian Odend'hal, to prevent such attachment, then the plaintiff is entitled to recover.

5. That the garnishee cannot set off any alleged claim he may have against the defendant, unless it be for money or goods advanced by him to her as a *féme sole* trader.

The garnishee prayed the Court to instruct the jury as follows:

1. That in order to find for the plaintiff they must find that the garnishee had in his hands, at the time of laying the attachment in this case, or has since had, money, credits or property of the defendant, made by her own skill, industry and personal labor while trading as a *féme sole* trader; and that even if they find that he had in his hands, at the time of the laying of said attachment, or since, any money or property or credits due to or belonging to said defendant, which was not so made, they must find for the garnishee.

2. That in order to find for the plaintiff, they must find that there is a balance due by the defendant to the garnishee, and their finding must be confined to the extent of said balance.

3. That if they believe that at the time of laying said attachment, and now, the defendant was and is the wife of the garnishee, the plaintiff cannot recover in this action.

4. That there is no evidence in the cause that the garnishee had in his hands at the time of laying the attachment in this case, or under his control, or has since had, any money, credits or property belonging or due to the defendant, and their verdict must be for the garnishee.

5. That there is no evidence that at the time of laying said attachment, or since, the garnishee was indebted to the defendant, and their verdict must be for the garnishee.

6. That there is no evidence of any specific indebtedness from garnishee to defendant at the time of laying the attachment, or since, and their verdict must be for the garnishee.

The Court (DOBBIN, J.) granted the third and fifth prayers of the plaintiff, and refused his first, second and fourth, and granted the first and second prayers of the garnishee, and refused his third, fourth, fifth and sixth. To the action of the Court in granting the third and fifth prayers of the plaintiff, and refusing the third, fourth, fifth and sixth prayers of the garnishee, the latter excepted.

The jury rendered a verdict for the plaintiff on the first and second issues for $694.57, and the Court rendered judgment of condemnation against the garnishee for said amount.

The garnishee appealed.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, MILLER and ALVEY, J.

*Henry C. Kennard,* for the appellant.

*C. Dodd McFarland,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

This suit was instituted by the appellee to recover a debt due the plaintiff for merchandize sold to Maria T. Odend'hal a *féme covert,* sole trader.

The proceeding was by attachment under *Art. 45, sec.* 7, of the Code, and is in all respects conformable to the provisions of the statute, as construed in *Brent vs. Taylor and Marks*, 6 *Md.*, 58.

No objection is made to the proceeding as in any respect informal or irregular.

The writ was laid in the hands of the appellant *Sebastian,* the husband of the debtor, and he was summoned as garnishee; and the first question to be considered is whether in a proceeding of this kind against the separate property of the wife, the husband can be made garnishee.

This question is raised by the demurrer to the *third or additional* plea, and by the *third prayer* of the appellant.

The positions taken by the appellant, as stated in his brief, are 1st. "In order to entitle the plaintiff to recover against a garnishee, the defendant must be able to recover against the latter; as the plaintiff in attachment is only subrogated to the rights of the defendant, and if the defendant could not sue the garnishee at law the plaintiff cannot," and 2nd. That as it was decided in *Barton vs. Barton*, 32 *Md.*, 224, that a wife cannot sue her husband at law, it follows that in a proceeding by attachment against her separate property, the husband cannot be made garnishee.

It is the general rule that the rights of the attaching creditor to recover against the garnishee, depends upon the subsisting rights between the garnishee and the debtor in the attachment, and the test of the garnishee's liability is that he has funds, property or credits in his hands belonging to the debtor, for which the latter would have a right to sue. In *Myer, et al. vs. Liverpool, London, and Globe Ins. Co.*, 40 *Md.*, 595, Bittenger & Brothers, citizens of Illinois, were debtors to the plaintiff a citizen of Maryland, and an attempt was made by the latter, to subject to the process of garnishment a debt due to Bittenger & Brothers by a foreign insurance company, upon a contract

of insurance made in Illinois upon property situated in that State.

The Act of Assembly, 1868, ch. 471, sec. 211, provided "that a suit against a foreign corporation exercising franchises in this State, may be brought by a resident of this State, for any cause of action, and by a plaintiff not a resident of this State, when the cause of action has arisen or the subject of the action shall be situated in this State."

It was held that as the Insurance Company could not, under the statute, be sued in Maryland by Bittenger & Brothers upon the contract of insurance made in Illinois, where the property insured was situated, the Company could not be held to answer as garnishee in Maryland for any liability upon the same contract of insurance. In that case we said, it is well settled that the plaintiff in attachment, as against the garnishee, is subrogated to the rights of the debtor, and can recover only by the same right, and to the same extent, as the debtor might recover if he were suing the garnishee.

This general proposition must be understood as applicable to the case then under consideration.

There are some exceptions to this general rule, as for instance if the debtor has fraudulently conveyed property to another, the grantee may be charged as garnishee, though the fraudulent grantor could not maintain a suit. So an attachment may be laid in the hands of a garnishee, before the debt owing by the latter to the debtor in the attachment has matured. *Drake on Attachment, secs.* 452, 464.

It has been decided that equitable interests, which can ordinarily be enforced in a Court of equity may be attached. *Campbell vs. Morris*, 3 *H. & McH.*, 535; *Cecil Bank vs. Snively*, 23 *Md.*, 253.

In *Barton vs. Barton* before cited, it was held that a married woman cannot maintain a suit at law against her

husband, because to permit such suits would be contrary
to public policy, and inconsistent with the close and deli-
cate relation existing between the parties; but it was
decided in the same case, that after the death of the hus-
band, the reason no longer applied, and a suit of the
widow against the husband's executor was maintained, for
the purpose of recovering money due from the husband to
the wife during coverture, with respect to her separate
estate.

The reason assigned in *Barton vs. Barton* for the rule
which prevents a wife from suing her husband at law, has
no application to a case like the present. Here the suit
against the husband is by a stranger, and it by no means
follows that the disability of the wife to recover from her
husband by a suit at law, the money or property sought
to be affected by the attachment, affords any sufficient rea-
son why he may not be made garnishee.

It is settled that the relation of debtor and creditor may
exist between husband and wife, growing out of the
appropriation by him of the wife's separate estate, and is
founded on an agreement by him to repay the money or
property so appropriated. *Edelin vs. Edelin*, 11 *Md.*,
415.

When such a debt exists, the creditor of the wife by a
proceeding like the present may make the husband a
garnishee, with respect thereto. The marital relations in
this State have been materially changed by the Code, so
far as rights of property are concerned.

The wife may be seized of the legal estate in lands, and
she may hold the legal property in personalty, in her own
right, no trustee being necessary, and in respect to prop-
erty held to her sole and separate use, she has a right to
resort to Courts of law or equity for its protection. A
married woman carrying on business in her own name as
a *sole trader*, contracts debts in respect to her business as
if she were a *féme sole*. The remedy given to her creditors

for the recovery of debts due them, by the process of attachment against her property, and credits, would be nugatory and worthless, if she could be permitted to place her funds or property in the hands of her husband, and it should be held that an attachment of this kind could not be laid in his hands, as garnishee.

We think the Superior Court did not err in sustaining the demurrer and in refusing the appellant's third prayer.

The next question arises upon the appellant's exception to evidence. The deeds of assignment and mortgages were, in our judgment, competent and admissible evidence for the consideration of the jury, in connection with the other testimony in the case, for the purpose of proving that separate property and funds belonging to the wife, had been placed in the hands of the garnishee, upon his promise and undertaking to repay the same, and we think the testimony of the witness, *Devlin,* tending to show the amount and value of the stock of goods in her store a short time before the attachment was issued, was also admissible. The credibility of the witness and the weight to be given to his evidence were questions for the jury to determine. We therefore affirm the ruling of the Court below in the *first bill of exceptions.*

*The second bill of exceptions* presents for review the ruling upon the prayers.

The prayers offered by the appellee were refused except the *third* and *fifth.* To the granting of these no objection has been made by the appellant in his argument in this Court, and we think no valid objection could be made to them. The propositions they announce are self-evident.

The *first and second prayers* of the appellant were granted. The *third* has already been considered. The *fourth, fifth* and *sixth* were based upon a supposed failure of evidence, that the garnishee was indebted to the defendant, or had any property or funds belonging to her in his hands, and asked the Court for that reason to take the case from the jury.

We have carefully examined the bills of exception, there is very great conflict in the testimony, but we are not prepared to say there was a total failure of evidence on the part of the plaintiff, and think the Superior Court committed no error in submitting the case to the jury.

*Judgment affirmed.*

(Decided 26th March, 1878.)