JOHN H. R. NICHOLSON, and others, trading as J. J. NICHOLSON & SONS, Garnishees of GEORGE B. DELCHER *vs.* WILLIAM and DANIEL CROOK, trading as WILLIAM CROOK & SON.

*Attachment—When Money deposited for the benefit of persons named, is liable to Attachment at the instance of a Creditor of the Depositor.*

N. was in the habit of purchasing, and advancing money on drafts drawn by D.; and the money on such drafts was sometimes paid to D., and sometimes it was left by him in the hands of N., with the understanding that N. was to hold it for the use and benefit of certain persons, named by D. at the time, and to be paid to such persons only upon the presentation of the check or order of D. Upon a judgment recovered by C. against D., an attachment by way of execution, was issued and laid in the hands of N. After the service of the attachment, money was left by D. in the hands of N., who paid it to the parties named by D., upon the presentation of his checks. There was no evidence to show that the deposit was made by D. with the assent or knowledge of the parties named by him, nor was there any evidence of an agreement or understanding between such parties and N., either before, or after the deposit was made. HELD :

1st. That the money deposited by D. with N. after the service of the attachment, remained the former's, and it was in his power at any time before the assent of the parties to the deposit, to revoke the terms upon which it was made.

2nd. That the money so deposited, being the property of D., was liable to attachment at the instance of C., his creditor.

APPEAL from the Baltimore City Court.

The nature of the case is stated in the opinion of the Court. The case was tried before the Court below, without the intervention of a jury.

Nicholson & Son, Garnishees of Delcher *vs.* Crook & Son.

*Exception.*—The testimony being closed, the garnishees offered the following prayer:

" The garnishees ask the Court to say, that if it shall be found from the evidence in this cause, that since the laying of the attachment, the only property which has come into possession of the garnishees was funds advanced by garnishees upon drafts drawn by and placed in their hands by defendant, and that simultaneously with such advances the said funds were either paid to defendant, or held by garnishees upon condition and under agreement that they were to be so held for the benefit of, and to be paid over to, certain third parties named at the time, then the plaintiff is not entitled to recover, and the verdict must be for the garnishees."

And the plaintiffs submitted the following prayer: " The plaintiffs pray the Court to say, if the Court believes from the evidence in this cause, that J. J. Nicholson & Sons, the garnishees in this cause, or either of the members of said firm had, on the 10th day of April, 1879, on which day the attachment in this cause was laid in their hands, or at any time since the laying of said attachment, any money, assets, draft or drafts, notes, checks, property or effects, subject to the orders, checks or disposal of, or under the control of, said George B. Delcher, that such money, assets, draft or drafts, notes, checks, property and effects, were and are liable and bound by said attachment; and the plaintiffs are entitled to recover the amount of their judgment and costs out of all such assets."

The Court (GAREY, J.,) granted the prayer of the plaintiffs and rejected the prayer of the garnishees. The garnishees excepted. The verdict and judgment being for the plaintiffs, the garnishees appealed.

The cause was submitted on brief, to GRASON, MILLER, ROBINSON and IRVING, J.

*J. Glenn Pitts* and *Charles Marshall*, for the appellants.

*E. Beatty Graff*, for the appellees.

ROBINSON, J., delivered the opinion of the Court.

This is an attachment by way of execution issued on a judgment recovered by the appellees against George B. Delcher, and laid in the hands of the appellants as garnishees.

The facts are simply these: The appellants were in the habit of purchasing and advancing money on drafts drawn by Delcher, and the money on such drafts was sometimes paid to Delcher, and sometimes it was left by him in the hands of the appellants, with the understanding that they were to hold it for the use and benefit of certain persons, named by Delcher at the time, and to be paid to such persons upon the presentation of his checks or orders.

After the service of the attachment, money was left by Delcher in the hands of the appellants in the manner above stated ; and which was subsequently paid by them to the parties named by Delcher upon the presentation of his checks.

The question in this appeal is whether the money deposited by Delcher with the appellants under these circumstances, is liable to garnishment at the instance of Delcher's creditors. In this State the attachment binds not only the property of the defendant in the hands of the garnishee at the time it is laid, but also such property as may come into his hands at any time before trial and judgment. *First National Bank vs. Jaggers*, 31 *Md.*, 38 ; *Farmers and Merchants' Bank vs. Franklin Bank of Balto.*, 31 *Md.*, 404.

If the money thus deposited with the appellants, in fact belonged to Delcher, it was subject to the attachment served on them as garnishees; and the payment by them subsequently to other parties constitutes no defence in this action.

There is no evidence to show that the deposit was made by Delcher with the assent or knowledge of the parties named by him, nor is there any evidence of an agreement or understanding between such parties and the appellants, either before or after the deposit was made.

It was then simply a deposit by Delcher, with the understanding that the appellants were to hold the money for persons named by him, but not to be paid to such persons except upon Delcher's checks.

We take the law to be well settled that where money is deposited by A with B, for the use of C, the right of C to the money is not complete until C has in some manner recognized or assented to the deposit, or unless there is a privity of contract of some kind between B and C. Until such assent or privity of contract, the money is subject to the control of A, and therefore liable to attachment at the instance of his creditors. *Kelly vs. Roberts,* 40 *N. Y.,* 432; *Brown vs. Foster,* 4 *Cushing,* 214; *Baker vs. Moody,* 1 *Alabama,* 315; *Briggs vs. Block,* 18 *Missouri,* 281; *People vs. Johnson,* 14 *Ill.,* 342.

If this be so, then the money deposited by Delcher with the appellants after the service of the attachment, still belonged to him, and it was in his power at any time before the assent of the parties to the deposit, to revoke the terms upon which it was made.

The liability of the appellants as garnishees is to be determined by their liability to Delcher, and if they had at any time after the service of the attachment, money in their hands belonging to him, it was according to the well settled law of this State liable to garnishment.

There was no error therefore in the rulings below, and the judgment will be affirmed.

*Judgment affirmed.*