# JAMES F. FARLEY, GARNISHEE, *vs.* ALONZO H. COLVER.

*Attachments—Liability of Garnishee Who Pays Debt Attached to Fraudulent Assignee—Evidence.*

If the garnishee in an attachment on judgment has notice that an assignment of the fund owing by him to the defendant was fraudulently made by the defendant to a third party for the purpose of defrauding the defendant's creditors, and nevertheless pays the money to the assignee or to the defendant, he is liable therefor to the plaintiff in the attachment.

The plaintiff A. obtained a judgment against B., upon which an attachment was issued and laid in the hands of C., who employed B. to do certain work in a business carried on by him. Thereupon B. executed an assignment of his business to his wife. A. notified C. that this assignment was fraudulent and void, because designed to defraud B.'s creditors, but C. thereafter paid money to B. as agent of his wife. *Held.* that the jury was properly instructed that if they found that the transfer from B. to his wife was *bona fide* and the money paid by C. to B. was for an indebtedness owing to the wife, then their verdict should be for C., the garnishee; but if they found that the transfer was fraudulent and intended to hinder and defraud the creditors of B., and that the money paid by C. was money belonging to B., then their verdict should be for the plaintiff.

In an attachment case, when the question is as to the true ownership of a certain fund, the garnishee cannot be allowed to state his opinion as to the ownership.

When the question at issue is whether a party was legally entitled to a certain fund or not, evidence as to what business that party was engaged in is irrelevant and immaterial.

Upon the trial of an attachment on judgment, the garnishee cannot deny the validity of the judgment, or the fact that under it the judgment debtor was indebted to the plaintiff.

An attachment binds not only the property of the defendant in the hands of the garnishee at the time it is laid, but also such property as may come into his hands at any time before the trial and judgment.

*Decided June 22nd, 1910.*

Appeal from the Court of Common Pleas of Baltimore City (ELLIOTT, J.).

*Trial Court's Instruction.*—If the jury shall believe from the evidence offered in this case that the transfer from John E. Coppersmith to Margaret E. Coppersmith, dated July 2, 1908, was *bona fide,* and shall further find that the money paid by James F. Farley to him the said John E. Coppersmith was paid in extinguishment of an indebtedness owing by said Farley to the said Margaret E. Coppersmith, then their verdict must be for the garnishee, James F. Farley, but if they shall believe that said transfer was false and fraudulent and intended to hinder and defraud the creditors of the said John E. Coppersmith, and that the money paid by James F. Farley was the money belonging to the said John E. Coppersmith, then their verdict should be for the plaintiff to an amount not exceeding his judgment, interests and costs, which they shall find was paid by said James F. Farley to said John E. Coppersmith, subsequent to the third day of July, 1908, the date of the laying of the attachment.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS and URNER, JJ.

*John L. G. Lee,* for the appellant.

*J. Kemp Bartlett* and *R. H. Bland* (with whom was *L. B. K. Claggett* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This case was tried in the Court of Common Pleas of Baltimore City and on the 22nd day of September, 1909, resulted in a verdict for $574.49 in favor of the plaintiff. The defendant, James F. Farley, Garnishee of John E. Coppersmith, the judgment debtor, has appealed.

The facts set forth in the record appear to be as follows: On the 20th of June, 1908, the appellee, Alonzo H. Colver, trading as the American Sand Company, obtained a judgment against John E. Coppersmith, for the sum of $481.89, with interest and costs, in the Court of Common Pleas of Baltimore. On the 2nd day of July, 1908, the appellee directed an attachment to issue upon this judgment, and it was laid in the hands of the appellant as garnishee to bind funds due the judgment debtor by the appellant, Farley.

John E. Coppersmith the judgment debtor was engaged in the sand and hauling business, at Long Dock, Baltimore City, and on the 3rd day of July, 1908, by an agreement in writing dated on the 21st day of July, 1908, in consideration of the sum of two hundred and fifty dollars, assigned and transfered all his interest in the business, including the good will, and all the horses, carts and implements owned and used by him in the conduct of the business to his wife, Margaret E. Coppersmith. The husband, under the agreement, was to be employed by the wife as the manager of the business for a period of five years at a salary of ten dollars per week.

Farley, the garnishee, is a builder and a contractor of Baltimore City, and had employed Coppersmith to do hauling for him, and dealt generally with him in the sand business prior to and subseqent to the date of the attachment.

It is conceded that the payments made by the appellant to the judgment debtor from the date of the laying of the attachment to the date of the trial of the case were more than sufficient to pay the appellee's judgment, but it is urged upon the part of the appellant that the funds so paid was

money owing and belonging to the wife and not to the hus-
band and was not therefore liable under the attachment.

The single controverted question of fact then is whether
the money paid by the appellant was the property of Copper-
smith or belonged to his wife, and this question, we think,
was properly left to the jury by the instruction granted by
the Court, as will hereafter appear in the discussion of the
granted prayer in connection with the evidence set out in the
record.

At the trial of the case the defendant reserved three ex-
ceptions to the ruling of the Court upon the admissibility of
evidence and one to the action of the Court upon the prayers.
The Court below rejected the prayers offered on behalf of
the plaintiff and defendant and granted an instruction in
lieu thereof, to the effect, if the jury find from the evidence
that the transfer from Coppersmith to his wife, dated July
2nd, 1908, was *bona fide,* and shall further find that the
money paid by Farley, garnishee to Coppersmith, was paid
in extinguishment of an indebtedness owing by him to the
wife, then their verdict must be for the garnishee, but if they
find that the transfer was false and fraudulent and intended
to hinder and defraud the creditors of Coppersmith, and that
the money paid by Farley was the money belonging to Cop-
persmith, then their verdict should be for the plaintiff to an
amount not exceeding his judgment, interests and costs, which
they shall find was paid by Farley to Coppersmith subse-
quent to the date of the laying of the attachment.

The first exception was taken to the refusal of the Court
to permit the defendant Farley, who was called on behalf
of the plaintiff, to state upon cross-examination to whom the
money belonged which he had in his hands from the laying
of the attachment to the date of trial.

The witness had testified in chief that he had employed
Coppersmith to do work for him, and on July 2nd, 1908,
Coppersmith owed him the sum of $100 which was paid by
a credit on bills due Coppersmith for work done "by Mr.

or Mrs. Coppersmith or both." That on July 30th, 1908,
he received a letter from J. Kemp Bartlett, attorney for the
plaintiff, notifying him that the attachment upon the judg-
ment which had been laid in his hands was intended to bind
all the funds due or to become due by him to Coppersmith
whether growing out of transactions had in the name of Cop-
persmith or in the name of the wife. And also notifying
him that at the trial of the case the plaintiff would offer evi-
dence to show that the transfer of the businesss from Copper-
smith to his wife was a mere pretense and a device for the
purpose of defrauding his creditors and the payment of any
money to Coppersmith, would be at his peril. He further
testified that after this letter the bills were made out and
receipted "M. E. Coppersmith," per "J. E. C.," until
September 11; then they were receipted, "J. E. Copper-
smith," six bills being receipted, "M. E. Coppersmith," per
"J. E. C." and the balance, twenty-three bills were receipted,
"J. E. Coppersmith." From July 2, 1908, till October 4,
1908, he continued to do business with John E. Copper-
smith and the bills were rendered in the name of M. E. Cop-
persmith. Since October 4, 1908, the bills were made out
for the hauling in the name of George W. Fleagle, Copper-
smith's father-in-law; that all the money was collected and
paid to Coppersmith. He further testified that the transfer
of the business to Coppersmith's wife was made after the
attachment was laid in his hands.

Upon this state of proof, we think, the Court below was
right in sustaining the plaintiff's objection embraced in this
exception. To have allowed the question would have per-
mitted the witness in this case to have given his opinion as
to the person to whom the money belonged. The practical
question was whether the money belonged to Coppersmith
or his wife, and this question was to be determined by the
facts in the case, and not by the mere opinion of the witness.
We do not well see how the defendant was injured by the
refusal to allow the question to be answered, because the wit-

ness had testified that on July 2nd, the date of the attach·
ment, he did not owe Coppersmith one cent, but related the
subsequent dates on which he had paid money to him, and
that no money was paid to him except that shown by the re·
ceipts, and the sum of $474.00 on accout of the Fleagle pay·
ments.   There was also testimony subsequently offered on
the part of the defendant, without objection, that Farley the
garnishee was not indebted to the defendant at the time of
the trial.

The second exception was to the refusal of the Court to
permit the witness Shipley to answer the following ques-
tion:  "Do you know what business Mrs. Coppersmith was
in ?"  There was no reversible error in this ruling.  The
question was irrelevant and immaterial, because the char-
acter of the business Mrs. Coppersmith was engaged in, or
whether she was engaged in any business at all, was not
material, and could have no bearing or reflect any light upon
the issues involved or upon the main controversy in this case.

The third exception was to the refusal of the Court to per-
mit the witness Coppersmith, called on behalf of the defend-
ant, to answer the question, "whether or not, Mr. Colver, the
plaintiff, was indebted to him or not."  Before sustaining
the objection to this question, the Court below, said: "Now,
I ask this question as a basis for the ruling, whether or not
this alleged indebtedness existed at the time of the render-
ing of the judgment in this case, and I understand the coun-
sel for the appellant to say, yes, so I sustain the objection."

While it is true that by section 14 of Article 9 of the
Code, the garnishee in every attachment may plead in behalf
of the defendant any plea or pleas which the defendant
might plead if he had been summoned, and had appeared.
*Risewick* v. *Davis,* 19 Md. 84; *Spear* v. *Griffin,* 23 Md 418;
*Albert* v. *Albert,* 78 Md. 338.  But no authority can be fur-
nished for the proposition that a garnishee or a judgment
debtor will be permitted to reopen and to retry the issues once
determined between the parties in a judgment from which no

appeal has been taken. An attachment upon such a judgment does not destroy the finality or conclusive effect of the judgment, nor open for review the rights and questions established and determined between the parties. If this were so, there would be no end to litigation and a judgment debtor would be permitted to obtain a new trial in the attachment proceedings. There was manifestly no error in the ruling on this exception. *Peters* v. *League,* 13 Md. 58; *Groome* v. *Lewis,* 23 Md. 137.

The fourth bill of exception presents for review the ruling of the Court upon the prayers. As we have seen the Court rejected all of the prayers offered by the plaintiff and defendant, and granted an instruction which has been substantially stated in this opinion, and will be fully set out by the Reporter.

This instruction, we think, clearly presented the law as applicable to the case on the facts, and left to the jury to find the material questions of fact, and they were, whether the funds paid by the garnishee after the laying of the attachment belonged to Coppersmith, the judgment debtor or to his wife, and whether the transfer, of July 2, 1908, from Coppersmith to his wife, was *bona fide,* or false and fraudulent and intended to hinder and defraud his creditors.

The general rule is well settled in this State that the rights of the attaching creditor to recover against the garnishee depends upon the subsisting rights between the garnishee and the debtor in the attachment and the test of the garnishee's liability is that he has funds, property or credits in his hands belonging to the debtor for which the latter would have a right to sue. In other words, as was said in *Myer* v. *Ins. Co.,* 40 Md. 595, the plaintiff in an attachment, as against the garnishee, is subrogated to the rights of the debtor and can recover only by the same right and to the same extent as the debtor might recover if he were suing the garnishee. *Leppoc* v. *Nat. Union Bank,* 32 Md. 136; *Myer* v. *Insurance*

*Co.,* 40 Md. 595; *Odend'hal* v. *Devlin,* 48 Md. 439; *Hodge & McLane on Attachment;* 130.

In *Odend'hal* v. *Devlin, supra,* it is said, there are some exceptions to this general rule, as for instance if the debtor has fraudulently conveyed property to another the grantee may be charged as garnishee, though the fraudulent grantor could not maintain a suit. So an attachment may be laid in the hands of a garnishee, before the debt owing by the latter to the debtor in the attachment has matured.

In *Nicholson* v. *Crook,* 56 Md. 55, it was held, that in this State, the attachment binds not only the property of the defendant in the hands of the garnishee at the time it is laid, but also such property as may come into his hands at any time before trial and judgment. *Hardesty* v. *Campbell,* 29 Md. 533; *Bank* v. *Jaggers,* 31 Md. 38; *Bank* v *Bank,* 31 Md. 404; *Groome* v. *Lewis* 23 Md. 152; Art. 9, sec. 10, *Code Public General Laws.*

The reason for the rule is stated by this Court in *Early* v *Dorsett,* 45 Md. 462, to rest upon the peculiar and well known character of the attachment process. This process when pursuing credits, unlike ordinary suits, does not necessarily relate back to the impetration of the service of the writ, but operates upon credits in the hands of the garnishee and liable to condemnation not only at the time of service, if then attached, but at the time of trial and judgment, and at any time after service and before trial and judgment.

In the case at bar, the attempted sale and transfer of the property by the husband to the wife was made shortly after the appellee had obtained the judgment and after the attachment had been laid in the hands of the garnishee. The payments testified to by the appellant were made directly after the attachment had been laid in his hands, and he continued to make payments after he had received notice, on the 30th of July, 1908, that the transfer of the business was a mere pretense and device for the purpose of defrauding creditors. The evidence tended to show that the alleged

transfer was a manifest device and scheme to defraud creditors and the jury was fully warranted in finding that the sale was fraudulent and void.

In *B. & O. R. R. Co. v. Wheeler,* 18 Md. 372, it is said, the liability of a garnishee in respect of property of a defendant, in his hands, is to be determined, ordinarily, by his accountability to the defendant on account of the property. If by any pre-existing *bona fide* contract, that accountability however has been removed or modified, it follows that the garnishee's liability is correspondingly affected, for it is well settled that garnishment cannot have the effect of changing the nature of a contract between the garnishee and the defendant or preventing the garnishee from performing a contract with a third person. *Poe v. St. Mary's College,* 4 Gill, 503.

In this case, however, the alleged contract was subsequent to the attachment, and was not based upon a *bona fide* consideration, but was a mere pretense and device for the purpose of defrauding creditors, and an attempt to defeat the appellee in collecting his judgment. The accountability of the garnishee on the facts of this case could not be in any way removed, released or modified. On the contrary, he paid the money to the judgment debtor after the attachment had been laid in his hands, and after notice and with full knowledge of the appellee's contention as to the fraudulent transfer and the claim made by the appellee as to the funds, property and credits now in dispute.

The case of *Wanamaker v. Bowes,* 36 Md. 42, relied upon by the appellant to defeat the right of the appellee to recover in this case is not an authority in point. The facts of that case are entirely unlike those of this case and the rule of law settled by that case has no application here.

So without considering the other reasons that might be presented, we think, upon the whole case the funds, credits and property in this case were liable and subject to garnish-

ment, and as we find no reversible error in the rulings of the Court, the judgment will be affirmed.

*Judgment affirmed, with costs.*