# WILLET *a.* THE EQUITABLE INSURANCE COMPANY.

*Supreme Court, First District; Special Term, December,* 1859.

## ATTACHMENT.—LEVIABLE PROPERTY.

A debt due, by a foreign corporation which has no agency in this State, to a non-resident of this State, is not the subject of attachment as a provisional remedy under the Code, in an action by third parties against the non-resident.

Trial by the court without a jury.

This was an action brought by the sheriff to recover against the defendants, a foreign insurance company, a debt owing by them for a loss on policy to *Cooke & Barton,* residents of another State. The debt was attached by the sheriff in an action brought by D. Appleton and others, the virtual present plaintiffs against Cooke & Barton, and this action was brought by the sheriff to collect and reduce the debt into possession under the attachment.

*J. M. Van Cott,* for the plaintiff.—I. Debt has no locality. Payment is a duty the debtor owes to his creditor, and it may be enforced by the creditor wherever he finds the debtor. Being found here, these debtor defendants may be sued here for the debt if there is a creditor here to sue them.

II. If the presence of a creditor *here* is necessary, as is urged for the legal conception of the debt, the creditors of these defendants are *constructively* here. There being a debt due from a debtor here, the Legislature subjects such debt to the process of the domestic creditors of the foreign creditor to whom it is due.

III. A foreign corporation having an agent in this State may be sued here, by the service of process on such agent. Such process was served, and the defendants are in court, not only without objecting to the jurisdiction, but answering to the merits, and expressly submitting themselves to the jurisdiction.

IV. Foreign corporations sue and are sued in our courts every day. The local being of a corporation may be admitted for certain purposes.

*J. W. Gerard, Jr.*, for the defendant.—I. The attachment on the debt due by this Insurance Company to Cooke & Barton, both being non-residents, and the property not within this State, was not operative on such property. All debts follow the *situs* of the creditor. (Wilson *a*. The Mayor, &c., 1 *Abbotts' Pr. R.*, 4.) This debt was not property in this State within the meaning of the Code. It was not within the jurisdiction of the court or the grasp of the sheriff. Consequently the action to reduce such debt into possession must fail, and the judgment against Cooke & Barton (they not appearing), obtained by virtue of such attachment, was void for want of jurisdiction. (Bates *a*. The New Orleans, Jackson, and Great Northern Railroad Company, 4 *Abbotts' Pr. R.*, 72; S. C., 13 *How. Pr. R.*, 516.)

II. The mere fact of a copy of the attachment having been left with an agent of these defendants, who was temporarily in this State, does not alter the *status* of the claim or the rights or obligations of the parties. A corporate body created by a foreign State, has no corporate existence beyond the limits of the territory of the government which created it. (Day *a*. Newark India-Rubber Manufacturing Company, 1 *Blatchf. C. C. R.*, 628.)

JAMES, J.—This cause came on for trial by the court without a jury, a jury being expressly waived by the parties, and after hearing the proofs of the parties, and the argument of counsel, I hereby report the following facts, with my conclusions of law thereon:

1. The plaintiff is the sheriff of the city and county of New York.

2. The defendants are a foreign corporation with an agency in New Jersey, and none in the State of New York.

3. Cooke & Barton are non-residents of this State, and were indebted to Appleton & Co., of the city of New York.

4. The defendants are, and were in January, 1858, indebted to Cooke & Barton for a loss on a policy of insurance amounting to $5000.

Willet *a.* The Equitable Insurance Company.

5. On the 25th day of January, 1858, said Appleton & Co. commenced an action against said Cooke & Barton in the Supreme Court of this State by summons and attachment; the said sheriff by virtue of said attachment claimed to have seized and taken thereof the said debt due by the defendants to said Cook & Barton; that said seizure was made by delivering to the agent of defendants, resident in New Jersey, while temporarily in the city of New York, a certified copy of said attachment, with a notice of the property levied upon.

6. The summons and complaint was only served by publication, and such proceedings were thereupon had; that on the 17th day of May, 1858, the said Appleton & Co. recovered judgment in the action against said Cooke & Barton for $3309.91; that no property other than the claim due from defendants was seized under said attachment, and that the judgment recovered remains wholly unpaid.

7. That previous to the copy of this attachment and notice being left with the said agent of the defendants, certified copies of three other attachments against said Cooke & Barton had been left with him by the plaintiff as sheriff, one for $1240, another for $1613.39, and the third for $250, with notice that said claim was levied upon.

8. It was not shown that judgment was ever perfected in either of said three attachments.

9. The indebtedness from the defendants to Cooke & Barton at the service of the attachments was $5000, and the interest since is $671, making in all, at this date, $5671.

10. That the amount due upon the judgment in favor of Appleton & Co. is $3681.91.

From these facts, my CONCLUSIONS OF LAW are:

1. That the plaintiff acquired no right to, or interest in, the debt due from The Equitable Fire Insurance Company, to Cooke & Barton, under, through, or by virtue of the warrant of attachment in favor of Appleton & Co. against Cooke & Barton, issued and delivered to him.

2. That the said debt was not property, or a debt within this State, so as to be reached by said attachment.

3. I therefore order the complaint to be dismissed, and judgment for the defendants, with costs of the action.