The People on the relation of Victorine McCloskey
v. The Judge of the Wayne Circuit Court.

*Garnishee proceedings: Principal defendant: Service: Jurisdiction.* To give
jurisdiction for the purpose of supporting garnishee proceedings, some sort of
service as to the principal defendant, must be made within the county; merely
taking out a summons against a non-resident of the state, which is never
served, is not enough.

*Heard and decided October 29.*

Application for prohibition to restrain the respondent
from entertaining jurisdiction of certain garnishee proceedings.

*H. B. Brown,* for the relator.

*L. T. Griffin,* for the respondent.

PER CURIAM.

Motion for prohibition. It appears that a summons
from the Wayne circuit court was issued against a non-
resident of the state, and who was not found in the state.
A garnishee summons was thereupon taken out, directed to
Monroe county, and served there. Afterwards notice of
the proceedings was served upon the principal defendant
in New York. Thus no service whatever was made in
Wayne county, upon either principal defendant, or garnishee.

The Wayne circuit court acquired no jurisdiction of the
case. To give jurisdiction for the purpose of supporting
the garnishee proceedings, it is necessary that some sort of
service as to the principal defendant, should be made
within the county, either upon the person, or upon prop-
erty or credits. Merely taking out a summons, which is
never served, is not enough. The statute which author-
izes the service of notice out of the state, presupposes that

some sort of service has been made in the county, giving the court jurisdiction; and the notice is required for the purpose of fairness, and to preclude secret and collusive proceedings.

Writ granted.

CHRISTIANCY, CH. J., did not sit in this case.