EDWARD C. MOORE v. JOHN J. SPEED, A CIRCUIT JUDGE FOR
WAYNE COUNTY.

*Garnishment on default of non-resident defendant.*

1. A judgment by default against a non-resident defendant will entitle
the plaintiff to proceed against garnishees indebted to him, even
though the notice of the garnishment proceedings was served upon
the principal defendant outside of the jurisdiction.  How. Stat.
§§ 8087, 8106.

2. Each state has exclusive jurisdiction over persons and property with-
in its limits, and can subject such property, when owned by non-
residents, to the payment of claims which the owner owes to its citi-
zens.  But if the non-resident is not personally served and does not
appear, the jurisdiction is limited to determining the amount of the
obligation.

3. Whether judgment against a garnishee upon notice served outside the
jurisdiction upon a non-resident prinicipal defendant will be valid
out of the State—Q.

4 An attorney appointed by a foreign corporation to receive service of
process in "actions upon any liability or indebtedness incurred or
contracted" by the company (How. Stat. § 3723) is not competent to
be served with notice of garnishment proceedings.

Mandamus.    Submitted June 17.    Granted Oct. 15.

*George W. Bates* for relator.

*William J. Gray* for respondent.

CHAMPLIN, J.   This is an application for a writ of man-
damus to compel the circuit judge to hear a cause and pro-
ceed to judgment in a suit where the relator is plaintiff and
John C. Davis is defendant. The facts are that John C. Davis
is a non-resident of this State, but resides at Madison in the
state of Indiana. On the 12th day of December, A. D. 1883,
relator sued out of the circuit court for the county of Wayne
a writ of summons against the said John C. Davis, in an
action of assumpsit to recover the amount claimed to be due
on an open account, which summons was returnable January

1, 1884, and was on the 2d day of January duly returned "not found" as to said defendant. On December 12, 1883, the relator made and caused to be filed in said court four several affidavits in garnishment, in compliance with How. Stat. § 8087 (a copy of which section is given in the margin[1]), and also on the same day caused to be issued four several writs of garnishment against the persons alleged in the affidavits to be indebted to Davis. Disclosures were filed by the garnishees, two of whom demanded trial of the garnishees' liability, and the issues so framed stand for hearing. The disclosures show that if any liability exists it is on account of the garnishees' being indebted to Davis, and not on account of any money or property in their hands belonging to him. On January 16, 1884, relator caused to be delivered and personally served on the principal defendant, John C. Davis, at Madison in the state of Indiana, a true copy of the summons, affidavits and writs of garnishment, with return of service thereon, and with a written notice attached, signed by the plaintiff's attorney, and stating that said John C. Davis is notified to appear and defend said suit within thirty days after service of a true copy of said papers as thereto attached, or his default would be entered and judgment taken. Due proof of this service was filed on the 24th of January. Within twenty days after the return-day of the summons the declaration was filed; and Davis not having caused his appearance to be entered within

[1] § 8087. If the plaintiff, in addition to the allegations hereinbefore required to be contained in the affidavit for the writ of garnishment, shall set forth in such affidavit that the principal defendant is a non-resident, or a foreign corporation created in any jurisdiction (naming it), the principal writ (or declaration), and affidavit may be filed of the day of issue, and the writ of garnishment may be served as in ordinary cases; and within sixty days after such service, the plaintiff shall cause to be delivered to such non-resident defendant, or to the president, secretary, cashier or treasurer of such foreign corporation, residing out of this State, or upon any officer, clerk or agent, residing or to be found within this State, a true copy of the principal writ (or declaration), affidavit and writ of garnishment, with return of service thereon, and with a written or printed notice attached, signed by the plaintiff, or his attorney, and stating that said non-resident defendant or foreign corporation is notified to appear and defend within thirty days after such service, or default will be entered, and judgment taken; and upon filing an affidavit of such service, further proceedings to judgment may be had, as in ordinary personal actions.

thirty days after service on him of the papers, the plaintiff entered his default for want of an appearance, plea or demurrer, and afterwards he entered a second default and order, making the same absolute, and referring it to the court to assess his damages. He afterwards applied for and obtained a commission, and took a deposition of a witness in the city of Cincinnati, which was returned and filed on the 6th day of May, 1884. The relator made application to the respondent, then sitting as circuit judge, to proceed to hear said cause, and offered to put in evidence the deposition and files and record in the garnishee causes, and requested said circuit judge to render a judgment in said principal case. The circuit judge declined to direct judgment to be entered against the principal defendant, for want of jurisdiction in the court for the reason that no service of process had been made on said defendant within the State, nor had his property been attached, as provided by law, in such manner as authorized judgment to be entered against such defendant.

Under the statute regulating the practice in garnishee cases, the plaintiff can proceed no farther against the garnishees until he has obtained judgment against the principal defendant. In case of non-resident defendants, § 8087 provides that, upon filing an affidavit of such service, further proceedings to judgment may be had as in ordinary personal actions; and by § 8106 it is provided that, in all cases when the principal defendant does not appear in the cause within the time fixed by the statute and rules of court for such appearance, the plaintiff shall proceed and perfect his judgment against such principal defendant as soon as he shall be entitled thereto under the rules and practice of the court.

The question raised is whether the courts of this State can acquire jurisdiction to render a personal judgment against a defendant where he is a non-resident and is not served with process within its jurisdiction, but is served out of the jurisdiction with notice of suit having been commenced against him, and of garnishee proceedings against his debtors residing within the jurisdiction. So far as such power can be given

by statute to the court to proceed to judgment, there can be no question but that it is conferred in this case.

It is a well-recognized principle that every state possesses exclusive jurisdiction and sovereignty over persons and property within its territory, and it may make laws to subject property situated within its limits, owned by non-residents, to the payment of claims due to its own citizens from them. Such legislation is based upon the necessity of the case and the injustice which would result from permitting non-resident debtors to withdraw their property or assets from the jurisdiction of the State, and is a legitimate exercise of its authority to hold and appropriate the property of such debtors to satisfy the claims of its own citizens. 1 Smith's Lead. Cas. (7th ed.) 1121 et seq. In the absence of personal service upon the non-resident defendant within the jurisdiction of the court or his voluntary appearance in the suit, the jurisdiction can extend no farther than an inquiry as to the amount of the obligation of the non-resident to its own citizens for the purpose of showing the extent necessary to control the disposition of the property. *Picquet v. Swan* 5 Mas. 35 ; *Boswell's Lessee v. Otis* 9 How. 336 ; *Cooper v. Reynolds* 10 Wall. 308 ; *Pennoyer v. Neff* 95 U. S. 714; Freeman on Judgments § 573; Whart. Confl. Laws §§ 649, 715; Amer. Lead. Cases (5th ed.) 625 et seq. Jurisdiction in such cases is upheld mainly upon the ground that the object of the proceedings is to subject certain specified property to the payment of the demand, and are substantially proceedings in rem against the property, and are justified by principles underlying such proceedings. Whart. Confl. Laws § 717; Waples on Proceedings in Rem, ch. 55, and cases cited above.

One of the essential requirements to sustain proceedings in rem is that notice shall be given, either general to all the world, or special to the parties interested. The statute under consideration provides for such notice, and that it shall be served upon the party interested, and proof thereof filed before judgment can be entered. The defendant was apprised that proceedings were instituted for the purpose of reaching credits belonging to him in Michigan, and an opportunity

was afforded of appearing and opposing any adjudication either against him or against his credits in possession of his debtors. He. did not appear, and the statute authorized the plaintiff to proceed to judgment as a part of the mode of proceeding to subject the defendant's credits in the hands of the garnishee to the payment of plaintiff's demand. For that purpose and to that extent the judgment rendered pursuant to the statute will protect the garnishee against liability over to the principal defendant for the amount of any judgment rendered against him in the garnishee proceedings.

The question does not arise upon this record, and we do not feel called upon to discuss the validity of such judgment if called in question in courts outside of the State of Michigan. Within the State the court has ample power to control its process and confine the proceedings under it to the property reached by garnishment.

The learned circuit judge informs us in his answer that his refusal to render judgment was based upon the cases of *Mc-Closkey* v. *Judge of Wayne Circuit Court* 26 Mich. 100 and *American Express Co.* v. *Judge of Wayne Circuit Court*, not reported, in which cases motions for writs of prohibition were made. In the *McCloskey* case it was held that the Wayne circuit court failed to acquire jurisdiction because no service was made upon the defendant, and no person was garnished in that county. It was said: "To give jurisdiction for the purpose of supporting the garnishee proceedings, it is necessary that some sort of service as to the principal defendant should be made within the county, either upon the person or upon property *or credits*. Merely taking out a summons which is never served, is not enough. The statute which authorizes the service of notice out of the State presupposes that some sort of service has been made in the county, giving the court jurisdiction ; and the notice is required for the purpose of fairness and to preclude secret and collusive proceedings." In the case under consideration service was had upon the garnishees in Wayne county, thus giving to the court jurisdiction, and obviating the objection raised in the case cited.

*American Express Co. v. Judge of Wayne Circuit Court,* above referred to, was this: The American Express Company was a joint-stock association, created and existing under the laws of the state of New York. It did business in the State of Michigan, as well as in other states. The Eagle Mowing & Reaping Machine Company was also a corporation organized and existing under the laws of the state of New York. On the 18th day of January, 1879, Charles B. Lothrop filed in the Wayne circuit court, as commencement of suit, a declaration, with rule to plead, entered as provided by law. On the same day an affidavit of the attorney was filed in the cause, setting forth that the American Express Company had money, goods, chattels, credits and effects in its hands or under its control, belonging to the defendant, The Eagle Mowing & Reaping Machine Company, and that said company was indebted to plaintiff. This affidavit was in proper form, and contained the necessary averments required by § 8087 above set forth; and thereupon a writ of garnishment was issued out of said court, returnable on the 4th day of February, 1879, and was served upon J. Sherwood Hubbard, the attorney in fact of the American Express Company, which was the only service of garnishee process made in said cause. He was appointed by the express company, under Comp. L. (1871) § 1624, to receive service of process, and the extent of his authority for that purpose is prescribed by the section named. He assumed to and did file a disclosure, in which he set forth that the company had no money, property, goods, chattels or effects in its hands, or under its control, belonging to said Eagle Mowing & Reaping Machine Company, other than a package that was delivered to said express company at Albany, New York, by said Eagle Mowing & Reaping Machine Company, marked as containing papers addressed to Frank Stewart, care of American Express Company, Jackson, Michigan, and that such package was then in the possession and under the control of the American Express Company; that such package was sealed and contents unknown; that said express company was informed that the same was the property of the Eagle Mowing & Reaping

Machine Company, but it had no knowledge as to the owner-ship of said contents and did not admit that the same belongs to the said Eagle Mowing & Reaping Machine Company.

No exceptions to said disclosure or special interrogatories were filed. There was no personal service of process upon the principal defendant in the State, but the notice and copies of papers required by § 8087 were served upon the president of the company at Albany in the state of New York, and the corporation not appearing, its default was entered, made absolute, and judgment rendered for $6307.87 and costs against it. The package above referred to contained promissory notes made by various persons, and belonged to the principal defendant and was at Jackson when the writ of garnishment was served on said Hubbard. The petition in this Court set forth the above facts and also that the plaintiff threatened to apply for a receiver to take possession of and sell said prop-erty, and claimed that the Wayne circuit court was without jurisdiction to proceed and prayed for a writ of prohibition, which was granted. No opinion was filed stating the reasons upon which the order was made; but it is apparent from the foregoing recital that no jurisdiction was obtained, for the reasons stated in the case of McCloskey, 26 Mich. 100. There was no service upon either party in Wayne county. The ser-vice upon Hubbard was ineffectual, for the reason that the statute did not authorize service of garnishee process upon him. The statute (Comp. L. § 1624) required the foreign express company to appoint an attorney in fact on whom pro-cess might be served "for the purpose of commencing actions upon any liability or indebtedness incurred or contracted while such company, etc., transacted business in this State." Garnishee process is not an action commenced upon any liabil-ity or indebtedness incurred or contracted by the express com-pany; and for reasons stated in *Hebel v. Amazon Ins. Co.* 33 Mich. 400, the service of the writ upon Hubbard was not a service upon the express company.

The service of the garnishee process in the case under con-sideration was duly and properly made in the county of Wayne, and such service gave to the court jurisdiction, under

the statute, to proceed to judgment in the principal case, so as to place the plaintiff in position to proceed in the garnishee suits.

The writ of mandamus must issue as prayed.

COOLEY, C. J. and SHERWOOD, J. concurred.

CAMPBELL, J. The principal question here is whether, where a garnishee debtor of an absent defendant has been served with process, and no property attached belonging to the absentee, there is jurisdiction to render judgment against the absentee, so as to bind him by the appropriation of the debt to the garnishee creditor.

A further question also is whether, where the garnishee sets up information that his non-resident creditor has assigned the claim to another non-resident, who is in no way charged to be indebted to the garnishee creditor, there is any jurisdiction gained over the claim.

In my opinion there is no room under our own decisions, or under those of the United States Supreme Court, for maintaining either proposition.

It has been decided too often to be open to discussion anywhere, that the process of one State cannot be lawfully served in another, and that no one can be compelled to litigate in any court which has not jurisdiction over him by voluntary appearance or lawful service of process.

The only exception to this is that, where property is found within the jurisdiction, it may be bound specifically, so as to base a judgment which may be valid to the extent of the property but no further. This doctrine cannot apply to the present case, unless it is held that a debt follows the person of the debtor instead of the person of the creditor. This doctrine has no support in any respectable adjudication or authority that has been discovered.

I think that the case of *McCloskey v. Judge of Wayne Circuit Court* 26 Mich. 100 is so precisely in point under this very statute that we cannot disregard it without making our own precedents useless. The subsequent case of *Ameri-*

can Express Co. v. Judge of Wayne, where a motion for a prohibition, made October 7, 1879, and held over until October 15th, was granted on a state of facts parallel with those here, is also, in my opinion, decisive. Both of these cases are relied on by the circuit judge in his return to the order to show cause.

While personal property, properly so called, has for some purposes been treated as following the domicile of its owner, it only does so in a very qualified sense, and is subject to the law of any state where it happens to be at the time, not only for subjection to the owner's debts, but for taxation and other jurisdictional purposes, where justice requires that the situs should govern. In *Green v. Van Buskirk* 7 Wall. 139, where an attachment on the personalty of a non-resident was in question, the whole doctrine of constructive possession was carefully discussed, and the attachment maintained, as it has been generally in other courts.

But when the courts or legislatures of one state have undertaken to reach foreign creditors by laying hold of debts due them, it has been just as well settled that the debt follows the creditor's person, and that he cannot be compelled to go into another jurisdiction to protect it.

In the case of *Railroad Co. v. Pennsylvania* 15 Wall. 300, the right of a state to tax debts due to non-residents was absolutely denied, and denied on the express ground that debts could "have no locality separate from the parties to whom they are due." And the court, after laying down this as a principle, proceed to say: "This principle might be stated in many different ways, and supported by citations from numerous adjudications, but no number of authorities, and no forms of expression could add anything to its obvious truth, which is recognized upon its simple statement." p. 320.

The same rule had already been laid down in several cases arising under state insolvent laws, where it had been sought to affect non-resident creditors on debts due from debtors residing at the place of discharge. In *Ogden v. Saunders* 12 Wheat. 213, the opinion of Judge Johnson, which was

very full and elaborate, denied the power of a state to affect non-resident creditors, on the express ground that it could not reach them by its process, or compel them to litigate with their debtors in the debtor's residence, unless they chose to come in. The inefficacy of any process or notice served outside of the jurisdiction was treated as clear. But the fact that some of the judges dissented on some other points seems to have raised doubts in the profession how far this was the opinion of the court, and the subsequent explanation in *Boyle v. Zacharie* 6 Pet. 635, that this was the view of the court, appears to have failed to attract full attention. In *Brighton Market Bank v. Merick* 11 Mich. 405, this Court was equally divided on the question. But during the same year the United States Supreme Court, in two decisions, re-asserted the views of Judge Johnson in *Ogden v. Saunders*, and placed their decision on the same grounds. These were the cases of *Baldwin v. Hale* 1 Wall. 223, and *Baldwin v. Bank of Newbury* 1 Wall. 234. In both of these cases it was attempted to uphold the discharge on the ground that the contracts in question were *Massachusetts* contracts, made and payable in Boston. But the court held that there was no jurisdiction in Massachusetts to cite a non-resident before the Massachusetts courts, and that the law of the place of the contract or of the debtor's domicile, could give no such power. In *Gilman v. Lockwood* 4 Wall. 409, the same ruling was made, and the former cases were held decisive.

These cases are in point here. The creditor is only sought to be reached by bringing him into the forum of the debtor's residence, which this State has no power to do, and which we have held in the cases before referred to, is beyond the legal operation of this statute now relied on. The whole purpose of reaching him is to enable the court below to adjudicate between him and his debtor and discharge his debtor from any liability to the creditor thus sought to be reached. I think this is not within the power of the circuit court, and that the circuit judge was right in refusing to do it, and that the mandamus should be denied.