### CONNOR, for Use, etc., *v.* HANOVER INS. Co.

(*Circuit Court, W. D. Michigan.*   1886.)

CONFLICT OF LAWS—SITUS OF DEBT—INSURANCE—INTEREST OF ASSURED—GARNISHMENT.

The defendant, an insurance company under the laws of New York, but doing business also in Illinois and Michigan, became indebted to the nominal plaintiff, a resident of Michigan, for a loss under one of its policies, which loss was, after adjustment, assigned by her to the actual plaintiff, also a resident of that state. Creditors of the nominal plaintiff, citizens of Illinois, commenced suit in that state by attachment against her, and garnished the defendant there. Subsequently to the service of garnishment in Illinois, the assignee of the plaintiff began suit against the defendant in Michigan, and obtained judgment before the case in Illinois was tried. Judgment was soon afterwards had in Illinois.   *Held* (1) that, as a general rule, the *situs* of a debt is either at the domicile of the creditor or at the place where it is payable; (2) that, under the laws of Illinois, suit having been first commenced there, and the courts of that state having obtained by garnishment control of the subject-matter, there was no jurisdiction in the courts of Michigan.[1]

[1] See note at end of case.

Motion to Vacate an Order Granting Stay of Execution on Judgment.

*N. A. Fletcher*, for plaintiff.

*Mark Norris*, for defendant.

SEVERENS, J. The plaintiff procured a fire insurance of the defendant upon a building situate at Charlevoix, in this state. She then was and still is a resident of Michigan. The defendant is a corporation organized under the laws of the state of New York, and has its principal place of business at the city of New York, and performs its vital functions there. But it also transacted insurance business in Michigan, Illinois, and other states of the Union, under local statutes permitting it, their terms and regulations varying somewhat; a quite general condition being, however, that it should submit to the jurisdiction of the local courts, and make provision for the service of process upon it in the particular state. A loss, covered by the policy, having occurred, it was adjusted without waiver of defenses on the part of the company, and soon thereafter the claim against the company was assigned by the plaintiff to the parties for whose use the present suit is brought. But prior to the loss the plaintiff had become indebted to certain citizens of Illinois, residing at Chicago, who immediately on the occurrence of this fire, and before the loss was adjusted, commenced suit by attachment against the present plaintiff, and garnished the defendant in the state court, under statutes of Illinois permitting such proceedings. Due service of the process of garnishment was had, but there was no service of the principal writ against the defendant therein. The company appeared, and disputed its liability upon legal grounds. Before those cases came on for trial this suit was instituted in this court. The defendant set up the pendency of the Illinois suits, and, on the trial before the late circuit judge, BAXTER, the facts appearing either by record or the stipulation of the attorneys in the case, the judge directed a verdict for the plaintiff, and judgment accordingly, and thereupon ordered a stay of execution until the further order of the court. Motion is now made to vacate the stay.

Since the trial here one of the cases in Illinois has been moved forward to trial, and, notwithstanding the contest of liability to the plaintiff's claim in that jurisdiction, judgment has been rendered against it. The other case in that state has not yet been brought to trial, but the law and facts are understood to be the same as in the case which has gone to judgment. Thus, the whole question of right between the contending parties comes up on this motion, and, upon the practice which has been adopted, it is free from any question of pleading.

It is contended by counsel for the plaintiff that the debt due from the defendant is not within the control of legislation by the state of Illinois, or the jurisdiction of her courts; and the reason given is that, whether the *situs* of the debt be in Michigan, where the cred-

itor resides, or in New York, where the debt is legally payable, it certainly is not in Illinois; and that it is not subject to any proceeding there, that it is wholly extraterritorial to that authority and jurisdiction, and that the attempt to draw it within their control is an unauthorized and arbitrary assumption. And, as tending to support this view, the following cases are cited: *Tingley* v. *Bateman*, 10 Mass. 343; *Ray* v. *Underwood*, 3 Pick. 302; *Hart* v. *Anthony*, 15 Pick. 445; *Nye* v. *Liscombe*, 21 Pick. 265; *Green* v. *Farmers', etc., Bank*, 25 Conn. 452; *Lovejoy* v. *Albee*, 33 Me. 414; *Baxter* v. *Vincent*, 6 Vt. 614; *Cronin* v. *Foster*, 13 R. I. 196; *Jones* v. *Winchester*, 6 N. H. 497; *Sawyer* v. *Thompson*, 4 Fost. 510; *Lawrence* v. *Smith*, 45 N. H. 533; *Bates* v. *New Orleans, etc., R. Co.*, 4 Abb. Pr. 72; *Willet* v. *Equitable Ins. Co.*, 10 Abb. Pr. 195; *Towle* v. *Wilder*, 57 Vt. 622; *Danforth* v. *Penny*, 3 Metc. 564; *Gold* v. *Housatonic R. Co.*, 1 Gray, 424; *Larkin* v. *Wilson*, 106 Mass. 120; *Smith* v. *Boston, C. & M. R. Co.*, 33 N. H. 337; *Myer* v. *Liverpool, L. & G. Ins. Co.*, 40 Md. 595.

On the other hand, the defendant, protesting against a double condemnation, insists that, inasmuch as the defendant, a party to the insurance contract, is subject to the laws of the state of Illinois, it has no choice but to submit to the decisions of its courts construing and applying the same. It is contended that while it is true, as a general rule, that the *situs* of a debt must be either at the domicile of the creditor or at the place where it is payable, yet that this is not an absolute rule, and may be varied by express legislation; that the states may legislate thereon according to their own view of their interests; that the suits in Illinois, having been first commenced, the court there has acquired control of the subject; and that, whether its decision be right or wrong, it is conclusive, and must be followed here. And the following cases are relied on in support of this argument: *Moore* v. *Wayne Circuit Judge*, 55 Mich. 84; S. C. 20 N. W. Rep. 801; *Pennoyer* v. *Neff*, 95 U. S. 714; *Roche* v. *Insurance Co.*, 2 Bradw. 360; *Hannibal & St. J. R. Co.* v. *Crane*, 102 Ill. 249; *Fithian* v. *New York & E. R. Co.*, 31 Pa. St. 114; *Barr* v. *King*, 96 Pa. St. 485; *Childs* v. *Digby*, 24 Pa. St. 23; *Mooney* v. *Union Pac. Ry.*, 9 Amer. & Eng. R. Cas. 131; S. C. 14 N. W. Rep. 343; *Burlington & M. Ry.* v. *Thompson*, 18 Cent. Law J. 192; S. C. 1 Pac. Rep. 622; *Eichelburger* v. *Pittsburg, etc., Ry.*, 9 Amer. & Eng. R. Cas. 158; *McAllister* v. *Pennsylvania Ins. Co.*, 28 Mo. 214; *National Bank* v. *Huntington*, 129 Mass. 444; *Myer* v. *Liverpool, L. & G. Ins. Co.*, 40 Md. 601; *Brauser* v. *New England Fire Ins. Co.*, 21 Wis. 512.

There has been a great difference of opinion upon the subject, and, after attending to the variations in the facts of particular cases, it still remains impossible to reconcile the authorities. Nothing in the federal decisions seems controlling. The statement already made, of the positions of the parties here, presents the main features of the reasons and arguments employed for reaching the different conclu-

sions. It is not necessary to go over the ground again in this case. Unquestionably, it is a point of great difficulty, and I have been struck with doubt at various steps in advancing to a decision.

Some of the cases go very far in support of the defense here, notably the Kansas case, (18 Cent. Law J. 192,) where a railroad corporation, organized and having its principal place of business in Nebraska, but whose line extended into Kansas, was garnished, for a debt due one of its employes for wages, in the courts of Kansas, at the suit of a creditor of the employe. The employe resided in Nebraska, had earned the wages there, and those wages were exempt to him and his family by the laws of that state. No service of process was had on the principal defendant. It did not appear that the plaintiff was a resident of Kansas, yet the supreme court of that state held that the debt was rightly garnished there. *Burlington, etc., Ry. Co.* v. *Thompson, supra,* (January, 1884.)

I do not presume to say that the case was erroneously decided, but, with the utmost deference to that court, it seems to me that the decision is open to grave criticism. It appears to me that the suggestion that a defendant, entering, for the purpose of doing business, a state where he is liable to a judgment subject to be duplicated elsewhere, and the debt twice collected, takes the risk of such consequences, is one of the last to be made in the administration of justice in an enlightened state, and ought only to be mentioned as a catastrophe found unavoidable after all legal reasoning had failed. It does not seem to be consonant with our interstate relations, and the general principles of jurisprudence which ought to prevail for common justice and harmony; and one could not help feeling doubtful whether the reasoning leading to such a result could be sound. And if, in the present case, it did not appear that the plaintiffs in the Illinois suits were citizens of that state, I could not agree that the judgment there was upon a subject within the jurisdiction of the court. But it does in fact appear that the parties who sued there were citizens of Chicago, and certain legal consequences arise from that circumstance which have weight in the discussion. The debts for which those parties brought suit were choses in action, which, in legal theory, attached to the domicile of the creditors there. It might be competent for the state to legislate in behalf of its own citizens owning such choses in action, so as to enable them to reach any assets of the debtor which the legislature, by changing the common-law theory of their *situs,* could localize there; and that the debtor, by creating the debt in that state, and contracting such relations with its citizens, ought to be regarded as having consented to such regulations for its collection, or, at least, as having no just reason for complaining of them. And, if it were necessary to support the judgment, I should be required to presume that the judgment was payable there. I am inclined to the opinion that, although the bounds of comity are rather severely strained by this course, it may be pur-

sued consistently with established principles.   There are two considerations touching the abstract merits which incline me to adopt this view in a doubtful case: *First,* the one already alluded to, that we thus avoid imposing a double liability upon a party whose good faith is not questioned; and, *second,* the property has gone to pay a just debt of the plaintiff, and she has received the benefit of it.   These circumstances could not turn a clear case.   It is said to have been held by BLODGETT, D. J., that the liability of an insurance company to garnishment does not arise in Illinois until after adjustment.   The contrary appears to have been held in the state court in this case. If this was error, it was error merely, and, if the court had jurisdiction, could only be corrected there.

On so close a question I shall deny the motion, without costs, and without prejudice to a new motion, if the plaintiffs shall elect to make it when the circuit justice of the supreme court, or the circuit judge, shall preside here.

### NOTE.

Between courts of concurrent jurisdiction, the court first acquiring jurisdiction will retain it, and another will not interfere with it.   Attleborough Nat. Bank v. Northwestern Manuf'g & Car Co., 28 Fed. Rep. 113; Owens v. Ohio Cent. R. Co., 20 Fed. Rep. 10; Bruce v. Manchester & K. R. R., 19 Fed. Rep. 342; In re James, 18 Fed. Rep. 853; Claflin v. Lisso, 16 Fed. Rep. 897; Martin v. Baldwin, 19 Fed. Rep. 340; Davis v. Life Ass'n of America, 11 Fed. Rep. 781, and note, 789; Harris v. Hess, 10 Fed. Rep. 263; Parkes v. Aldridge, 8 Fed. Rep. 220; Union Mut. Life Ins. Co. v. University of Chicago, 6 Fed. Rep. 443; Hamilton v. Chouteau, Id. 339; Levi v. Columbia Life Ins. Co., 1 Fed. Rep. 206; Barnum Wire-works v. Wayne Circuit Judge, (Mich.) 26 N. W. Rep. 802, 805.

Federal courts will not interfere with the possession, control, or disposition of property in the hands of a state court of co-ordinate jurisdiction.   Bruce v. Manchester & K. R. R., 19 Fed. Rep. 342; Domestic & F. M. Soc. v. Hinman, 13 Fed. Rep. 161; Walker v. Flint, 7 Fed. Rep. 435; Hutchinson v. Green, 6 Fed. Rep. 833; Adler v. Roth, 5 Fed. Rep. 895.