# JANUARY TERM, 1889.

| 73 | 155 |
|----|-----|
| 76 | 610 |
| 73 | 155 |
| 105 | 567 |

THE MILWAUKEE BRIDGE & IRON WORKS v. HENRY N. BREVOORT, WAYNE CIRCUIT JUDGE.

*Garnishment—Foreign corporations—Service.*

Prior to the enactment of Act No. 266, Laws of 1889, there was no statute in this State providing for the service of a writ of garnishment upon a foreign corporation.

*Mandamus.* Submitted October 23, 1888. Granted January 8, 1889.

Relator applied for a *mandamus* directing respondent to vacate an order denying motion to quash garnishee proceedings against relator, and to grant the motion. The facts are stated in the opinion.

*Bowen, Douglas & Whiting,* for relator.

*Brennan & Donnelly,* for respondent.

SHERWOOD, C. J. Petitioner is a corporation organized under the laws of Wisconsin, having its principal office in Milwaukee, and having no office or place of business in this State. One Esson owed Quinn, of Detroit, and on July 27, 1888, Quinn brought suit in the Wayne circuit to recover the debt, and garnished the president of petitioner, who was temporarily in the said county at the time the writ was served.

The affidavit for the writ, in addition to these facts, stated that the affiant had good reason to believe, and

[155]

did believe, that the relator had property, money, goods, credits, or effects in its hands, or under its custody or control, belonging to the defendant, John E. Esson, and that said Milwaukee Bridge & Iron Works was indebted to the defendant, John E. Esson; that such indebtedness was $454, and affiant was apprehensive the debt would be lost unless the writ issued. And thereupon the writ was issued.

On August 4 following, the relator made a motion to quash the writ on the grounds—

1. That the affidavit does not state that the indebtedness to the principal defendant was due.

2. The defendant is a foreign corporation.

3. It does not state that the corporation is within, or is doing business within, this State, or within the jurisdiction of the court.

4. It does not state where the corporation was located at the time the writ was issued.

The circuit court denied this motion. It is to vacate this order of denial, and to direct the granting of relator's motion to quash the garnishee proceedings, that *mandamus* is now asked, and which, we think, after looking into the papers, should be granted.

It is true, the circuit judge in responding to the writ says he found as facts that the relator was engaged upon a job it had taken in Wayne county, which was a part of the business the company was organized for the purpose of doing, and that it had its principal office in Milwaukee; that the writ was served upon its president, while in Detroit looking after the business of the company in connection with the job; that the principal defendant was a resident of the county of Wayne at the time, and that the indebtedness sought to be reached grew out of the contract under which said job was taken; that a notice of the garnishee proceedings was served on

the company at its office in Milwaukee; and that the fact relied upon when the motion was argued in the circuit court was that the garnishee defendant was a foreign corporation; that, while other points were submitted, they were not urged, and he was led to believe the relator's counsel relied upon the first one in pressing the motion.

Jurisdiction in this class of cases must appear upon the papers themselves, or the proceedings will be a nullity. They are purely statutory, and for every step taken until jurisdiction is acquired authority must be found in the law providing for the proceeding. *Hebel v. Insurance Co.*, 33 Mich. 400; *Ford v. Dry-dock Co.*, 50 Id. 358 (15 N. W. Rep. 509); *Iron Cliffs Co.* v. *Lahais*, 52 Id. 394 (18 N. W. Rep. 121)

Section 8145, How. Stat., provides how suits may be commenced in the circuit courts of this State against foreign corporations. The writ of garnishment and proceedings thereon are always ancillary, and the service of such writ is not the commencement of an action. *Moore v. Circuit Judge*, 55 Mich. 84 (20 N. W. Rep. 801); *Iron Cliffs Co. v. Lahais*, 52 Id. 394. If it is desired to garnish a domestic corporation, section 8086, How. Stat., provides how the writ shall be served. It provides that foreign as well as domestic corporations may be garnished, but it provides no method of service of the writ upon foreign corporations. Section 8087, How. Stat., provides how service may be made when the principal defendant is a non-resident, or a foreign corporation, but that is not this case. Nowhere do our statutes provide for any service of a writ of garnishment upon a foreign corporation.[1]

We think the writ should be granted as prayed.

The other Justices concurred.

---

[1] This defect is remedied by Act No. 266, Laws of 1889.