THE FIRST NATIONAL BANK OF DETROIT v. GEORGE A. BURCH, PRINCIPAL DEFENDANT, AND THE SUPREME SITTING OF THE ORDER OF THE IRON HALL, GARNISHEE DEFENDANT.

*Garnishment—Foreign corporation—Service.*

The service of the summons to show cause is held not to have been made upon any person answering the condition prescribed by the statute (Act No. 175, Laws of 1885), and that the judgment against the garnishee defendant was rendered without authority.

*Certiorari* to a justice of the peace of the city of Detroit.

Argued June 18, 1889. Judgment reversed, and garnishee proceedings dismissed, October 18, 1889. The facts are stated in the opinion.

*J. W. Donovan*, for petitioners.

*William J. Gray*, for plaintiff.

SHERWOOD, C. J. The defendant Burch became indebted to the First National Bank of Detroit upon a note, and judgment was rendered upon the same before a justice of the peace in Detroit for the sum of $182.27, December 27, 1888.

At the time of taking out the summons, the plaintiff filed an affidavit, and took out a garnishee writ, against "The Supreme Sitting of the Order of the Iron Hall," a foreign corporation having its home office at Indianapolis, Indiana.

Plaintiff is a resident of Detroit.

Service of the writ of garnishment was obtained upon the garnishee defendant by serving it upon one F. D. Somerby, who is claimed to have held at the time one of the highest offices in the corporation. Mr. Somerby so testifies in an affidavit which was made by him before a notary public in Philadelphia, and in which he also says the garnishee defendant owed Burch, upon a certificate of membership in the order, the sum of about $700 ; and this affidavit was filed before the justice as the disclosure of the garnishee defendant.

A second summons was then issued to the garnishee defendant, to show cause why judgment should not be rendered against it; and this summons was served upon two officers of the defendant order, who made affidavit that they were not principal officers in the order.

Garnishee defendant never appeared in the case, except for the purpose of specially moving the court, on the return-day of the second summons, to quash the proceedings on the ground that there was no service of the garnishee writ. The

court overruled this motion, and the justice entered judgment against the garnishee defendant for $183.72 damages, and $1.50 *costs of suit.*

The case is before us on *certiorari* for review.

I think it very clearly appears in this case, whatever may be said of the service of first summons, that the second summons was not served upon any person answering the condition prescribed by the statute under which the plaintiff took its proceedings; and the motion to quash should have been granted, when defendant's counsel appeared specially before the justice and made it.

I think the case comes within the ruling made in the case of *Milwaukee, etc., Iron-works v. Wayne Cir. Judge,* 73 Mich. —— (41 N. W. Rep. 215).

The judgment rendered against the garnishee was without authority, and must be reversed, and the proceedings dismissed, with costs.

The other Justices concurred.