# CHARLESTON.

SIMMONS, &c. *v.* THOMASSON, COM., &c.

Submitted January 9, 1902.  Decided March 1, 1902.

1. PROHIBITION.—*Judgment By Default.*
     Prohibition lies to prevent the enforcement of a judgment by default when the persons against whom the same was rendered had no notice of the time and place and were not present at the trial. (p. 659).

2. JUSTICE'S JURISDICTION.—*Agreement of Parties.*
     When a justice by agreement of parties transfers a case for trial to the office of a justice of an adjoining district, neither he nor his successor in office can try such case in his own district in the absence of either the plaintiff or defendant until he has legally re-acquired jurisdiction thereof in such district by proper notice to the parties of the time and place of trial. (p. 658, 659).

From Circuit Court, Roane County.

G. B. Simmons and W. S. Simmons filed their petition in the circuit court of Roane County against J. B. Thomasson and R.

R. Petty, justice, praying for writ of prohibition.   Writ granted petitioners.   Thomasson appeals.

*Affirmed.*

J. G. SHILLING and O. J. CHAMBERS, for appellants.

WALTER PENDLETON, for appellees.

DENT, PRESIDENT:

J. B. Thomasson, committee of Minnie B. Simmons, complains of a judgment of the circuit court of Roane County prohibiting the collection of a certain judgment in favor of himself against G. B. Simmons and W. S. Simmons for the sum of two hundred dollars and thirty-six cents with interest and costs, rendered on the 12th day of January, 1901, by R. R. Petty, a justice of Curtis district in said county.

The facts are as follows: On November 6, 1900, a summons was issued by C. C. Kelley, a justice of Curtis district, at the instance of the plaintiff Thomasson against the defendants G. B. and W. S. Simmons returnable at 10 o'clock A. M. November 24, 1900. The cause of action was a note for two hundred dollars and thirty-six cents due and payable the 10th day of November, 1890. On the return day defendants demanded a jury, trial was had at 1 o'clock, P. M., and resulted in a hung jury. By consent and agreement of parties the case was continued to be heard before the same justice at the office of 'Squire Arnold in Spencer District at 10 o'clock, A. M., the 29th day of December, 1900. The justice having failed to appear at such hour afterwards entered an order continuing the case "according to law, for one week, at the same place and at the same hour." On the 1st day of January, 1901, Justice Kelley's term of office expired and Justice Petty succeeded him as justice of Curtis district. On the 5th day of January, 1901, at his office in Curtis district Petty entered the following order on his docket: "I was not here in attendance at the hour set for trial and no other justice being in attendance, the above case was continued according to law till January 12, 1901, at 10 A. M." And on the 12th day of January, 1901, he entered the following judgment: "The above styled case having been continued according to law at my office at Reedyville, W. Va., at 10 o'clock, A. M., and the plaintiff as well as his attorney being present and the defend-

ants nor their attorneys appearing nor making any defense within the hour to the note in controversy, and the plaintiff being first duly sworn proved the note in controversy and also made oath that the continuance at Reedyville November 24, 1900, was by mutual consent and agreement by both plaintiff and defendants adjourned to Spencer district, at 'Sq. Arnold's office the last Saturday in December, 1900, and that there was no further agreement concerning the case. It is therefore considered that the plaintiff recover of the defendants the sum of two hundred and twenty-three one hundredths dollars with legal interest thereon from the 10th day of Nov. 1890, to this date and costs. This Jan. 12, 1901. R. R. Petty, J. P."

The only question presented here is as to whether this judgment is void for want of jurisdiction. Section 64, chapter 50, Code, provides that, "No action shall be discontinued on account of the absence of the justice  *  *  *  If not tried or continued by another justice as aforesaid, it shall stand adjourned for one week, and so on from week to week; until disposed of." This law only applies in absence of justice or agreement of the parties.

In the present case by agreement of the parties the action was taken out of the jurisdiction of the justice and the control of the law and was therefore made subject to their further agreement. When Justice Petty came into office, he found it in this condition, and he should have required the parties to make further agreement as to the time of trial, or he should have set a day and notified them to be present. He knew from his docket that the defendants had and were expecting to make defense to the action and it was therefore improper for him to allow the plaintiff to take advantage of their absence when he had agreed that the case should be tried at another place and in another district. While neither agreement or consent can give jurisdiction contrary to law yet the parties by consent or agreement may oust jurisdiction or transfer a case from one jurisdiction to another having co-ordinate powers. While a justice may not issue a summons returnable before himself outside of his district, *Staunton Belmont Co.* v. *Case et al.,* 47 W. Va. 779 (35 S. E. 857), yet he may make such summons returnable before any other justice of the county having jurisdiction of the action, section 2, chapter 50, Code, and if the latter justice is prevented by sickness, disability or absence from trying the case, the

former justice may attend and try it. Section 15, chapter 50, Code. So by agreement of parties, he may transfer a case to any other justice having jurisdiction, and if the latter justice for the reasons aforesaid fail to attend and try the case the former may attend and dispose of it in his place. Hence, the parties had by agreement a perfect right to have the case transferred to the justice of an adjoining district and have the same tried there by any proper justice in attendance. Having however taken control of the case by agreement and thus ousted the jurisdiction of the justice he could not resume control thereof except by such agreement or in default thereof by proper notice served on the parties. It need not necessarily be a new summons in every case but such notice as will advise them of the time and place of trial. By transferring the case to an adjoining district by agreement and then in not having any further agreement or order therein confusion and uncertainty was produced, of which the plaintiff had no right to take advantage and have final judgment entered in the absence of the defendants. They were entitled to legal notice of the time and place of trial and not having received it, the judgment against them is void for want of jurisdiction of the parties. To proceed to judgment against persons not served with process or in default of any notice is an excess of legitimate powers authorizing the writ of prohibition. But not so if the notice is merely defective. 16 En. Pl. & Prac. 1110, 1113, 1115; *State* v. *Superior Court,* 15 Wash. 500; *State* v. *Langhorne,* 12 Wash. 588; *State* v. *Superior Court,* 5 Wash. 518; *Yokama* v. *Superior Court,* 4 Wash. 655; *Stupatrick Mnfg. Co.* v. *Superior Co.,* 123 Cal. 290; *People* v. *Fitzgerald,* 15 N. Y. App. Div. 539; *People* v. *Judge,* 26 Mich. 100; *Howard* v. *Pierce,* 38 Mo. 296; *State* v. *Mitchell,* 2 Bailey L. (S. Car.) 225; *State* v. *Judge,* 27 La. Ann. 285; *L. W. R. Co.* v. *R. Coms.,* 1 Ex. Div. 5, Vol. 1; *McConiha* v. *Guthrie,* 21 W. Va. 134. And this is true notwithstanding there may be other legal remedies as is said by JUDGE POFFENBARGER in *Johnston* v. *Hunter* (not yet reported). "Section 1, chapter 110,Code, says that in such cases 'The writ of prohibition shall lie as a matter of right' which makes its application depend not upon the discretion of the court, of the inadequacy of the ordinary proceedings for the correction of error, but simply on the question of the want of jurisdiction or in doing of some act in

excess of the legitimate powers of the inferior court." N. & W. Ry. Co. v. Pinnacle Coal Co., 44 W. Va. 574.

The states of Connecticut and West Virginia are the only states which have by statute so changed the common law as to make it obligatory on the courts to issue the writ as a matter of right in all proper cases without regard to the existence of other remedies.   16 En. Plead. & Pract. 1109.

All judgments in excess, want or abuse of legitimate powers are void and subject to prohibition.   Hein v. Smith, 13 W. Va. 358; Manufacturing Co. v. Carroll, 30 W. Va. 532; Bradley v. Archibald, 33 W. Va. 229; Wilkinson v. Hoke, 39 W. Va. 403; Charleston v. Beller, 45 W. Va. 44; Yates v. Taylor Co. Court, 47 W. Va. 376, (35 S. E. 24).

The judgment of the circuit court is affirmed.

*Affirmed.*