## FELL v. GORMAN.

1. GARNISHMENT—VENUE—PLACE OF SERVICE.

Where an affidavit in garnishment shows that plaintiff is a resident of the county in which the venue is laid, and that the principal and garnishee defendants are residents of another county, service on the garnishee in the county of his residence, no service of any kind being made in the county of the venue, will not confer jurisdiction over the garnishee.

2. PLEADING—PLEAS TO THE JURISDICTION—ABATEMENT—MANNER OF PLEADING—APPEARANCE.

The common-law distinction between pleas to the jurisdiction and pleas in abatement not being recognized in this State, the filing of a plea to the jurisdiction by attorney instead of in person does not amount to an appearance and an admission of jurisdiction of the person.

Error to Calhoun; Hopkins, J. Submitted April 5, 1906. (Docket No. 14.) Decided July 3, 1906.

Garnishment proceedings by William I. Fell against John J. Gorman as garnishee defendant of James N. Riley. There was judgment for plaintiff, and defendant brings error. Reversed, and writ quashed as to garnishee defendant.

*Tarsney & Fitzpatrick* and *Bernard J. Onen*, for appellant.

*Williams & Beck*, for appellee.

BLAIR, J. Appellant prosecutes his writ of error to review a judgment rendered against him as garnishee defendant. Plaintiff brought suit against one Riley upon a promissory note, and on the same day instituted proceedings in garnishment against appellant. The affidavit in garnishment set up that plaintiff was a resident of Calhoun county and that Riley and Gorman were residents of

Wayne county. The writ was served upon Gorman in Wayne county, and copies of the writ, etc., were served upon Riley at Chicago, Ill., together with the usual notice to appear within 30 days. No service of any kind was made in Calhoun county. The other proceedings in the case will be found sufficiently set forth in *Gorman* v. *Calhoun Circuit Judge*, 140 Mich. 230.

The record presents two questions for our determination:

(1) Did the service of the writ of garnishment confer jurisdiction ?

(2) Did the filing of the plea to the jurisdiction by attorney, instead of in propria persona admit jurisdiction ?

1. No service of any kind having been made in Calhoun county, the service of the writ upon Gorman in Wayne county was insufficient to confer jurisdiction over him. *People, ex rel. McCloskey,* v. *Wayne Circuit Judge*, 26 Mich. 100; *Moore* v. *Wayne Circuit Judge*, 55 Mich. 84; *Stern* v. *Wayne Circuit Judge*, 105 Mich. 685.

2. Treating of pleas to the jurisdiction, Mr. Chitty says:

" Pleas of this description, though in effect they abate the writ, yet differ from pleas in abatement principally in three points, viz., that they must be pleaded in person.
\* \* \*

" Pleas to the jurisdiction must be pleaded in person because the appointment of an attorney of the court admits its jurisdiction; but 'pleas in abatement in general may be pleaded by attorney, because the jurisdiction of the court in the latter case is not disputed." 1 Chitty on Pleadings (16th Ed.), pp. 569, 588.

The distinction between pleas to the jurisdiction and pleas in abatement which prevailed at the common law has not been recognized by this court. *National Fraternity* v. *Wayne Circuit Judge,* 127 Mich. 186. It follows, therefore, that pleas to the jurisdiction, like ordinary pleas in abatement, may be put in by attorney without admitting jurisdiction of the person. The same result

follows from the provisions of Circuit Court Rule 6. Having provided that a plea of the general issue may be filed with the plea in abatement which could certainly be signed by attorney without waiving the plea in abatement, it would seem illogical to hold that the dilatory plea must be signed by the party in person.

The judgment is reversed, and the writ quashed as to the defendant Gorman.

GRANT, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.