(Decided 26th November, 1869.)

---

THE PRESIDENT AND DIRECTORS OF THE FARMERS AND MERCHANTS' BANK OF BALTIMORE *vs.* THE FRANKLIN BANK OF BALTIMORE, Garnishee of ALEXANDER PENN, RICHARD H. MITCHELL and LAMBERT V. OLIVER.

*Rights of a Garnishee as against an Attaching Creditor—Set-off in Attachment.*

Where funds in bank standing on its books to the credit of a customer, are attached, it is competent to the garnishee to appropriate such funds

Farmers and Merchants' Bank *vs.* Franklin Bank of Baltimore.

to the payment of a debt to itself, which had been contracted by the defendant before, but did not fall due until after the laying of the attachment, and before trial.

The right of condemnation in attachment is subject to such right of set-off or discharge, existing at the time of garnishment, as would be available to the garnishee if he were sued by the defendant.

The right of set-off or discharge as against the attaching creditor, does not, however, extend to any matter originating by the action of the garnishee subsequent to garnishment.

APPEAL from the Superior Court of Baltimore City.

This was an *attachment on judgment* issued out of the Superior Court by the appellants, and laid in the hands of the appellee on the 11th of May, 1867. The garnishee pleaded *nulla bona,* on which plea issue was joined, and on the 11th May, 1868, the case was tried, and a verdict rendered in favor of the garnishee.

The judgment on which the attachment was issued was obtained against Penn, Mitchell and Oliver, then constituting the firm of Penn & Mitchell, in April, 1864. The firm of Penn & Mitchell failed in 1861, and immediately after, Mitchell and Oliver entered into the business of factors and commission merchants, under the name of Mitchell, Oliver & Co. ; and for the purpose of protecting the funds derived from the sales of the property of their consignors and principals, from attachment for the debts of the former firm, (of their own accord, and not by any agreement with their customers,) they opened an account with the Franklin Bank, in the name of Mitchell, Oliver & Co., *agents.* In this account were deposited from time to time the proceeds of sales and collections made by the firm of Mitchell, Oliver & Co., for its customers, and also the proceeds of discounts obtained by the firm from the bank. The business of the firm was the usual one of commission merchants in Baltimore, who deal with planters ; they received and sold on commission, grain, tobacco, and

other crops, purchased and forwarded to them their supplies, and sometimes advanced money on the consignments. This was the only bank account kept by the firm, and in it all moneys received in the course of their business were deposited in a common fund, which was drawn upon from time to time for all payments and advances, in the course of their business, by checks, signed Mitchell, Oliver & Co., *agents.* The particular items of said account could not be specified as the proceeds of any particular sale or collection, but every one of those items represented proceeds of sales and collections received for customers of the firm; and of the balance of $490.44, appearing to the firm's credit on the books of the bank on the 11th May, 1867, (the date of the attachment,) no part belonged to the firm or to either of its members, even their commissions and expenses having been previously drawn by them.

Although the account of Mitchell, Oliver & Co., agents, with the Franklin Bank, showed on the 11th of May, 1867, a balance to their credit of $490.44, yet at that time the Franklin Bank held two notes of Mitchell, Oliver & Co., which it had previously discounted, one for $700, which matured on the 24th May, 1867, and the other for $4,500, which matured on the 17th of June, 1867. The note of $700 was paid by Mitchell, Oliver.& Co., and on the 22d of October, 1867, by an arrangement with the bank, the said balance of $490.44 was applied to the reduction of the amount due on the $4,500 note, then more than four months overdue, and an additional payment was made of $345.90, leaving due by the firm to the bank a balance of $3,750, for the payment of which, time was then given till February 17th, 1868. The proceeds of the said notes of $700 and $4,500, at the time they were discounted, were entered to the credit of the said account of Mitchell, Oliver & Co., agents.

On the 23d May, 1867, Mitchell called on the cashier of the Franklin Bank, with an agreement of Mr. Marshall,

the attorney of the plaintiffs, that the Franklin Bank might pay out, on the checks of Mitchell, Oliver & Co., any money standing to their credit at the date of the attachment.

This agreement was signed by Mr. Marshall and given to Mr. Farnandis, the counsel of Mitchell, Oliver & Co., on Mr. Farnandis delivering to him the written obligation, that whatever amount should be found in the hands of the garnishee, liable to the attachment, should be forthcoming to pay the judgment when rendered.

When this agreement was handed to Mr. Goodwin, the cashier of the Franklin Bank, he said he would not pay the checks of Mitchell, Oliver & Co., but would treat the fund as discharged from the attachment by the force of that agreement, and would apply it to the payment of so much of the note of $700, discounted for them by the bank, which had matured since the laying of the attachment. Mitchell then insisted on the return of the paper, and it was returned to him; although Mr. Goodwin claimed the right to retain it, and that its effect was to release the said balance of $490.44 from the effect of the attachment.

On this state of facts the plaintiffs offered three prayers:

The *first* asserted, that the plaintiffs were entitled to recover the balance standing on the books of the bank to the credit of Mitchell, Oliver & Co., agents, at the date of the laying of the attachment, if the jury should find that the said account kept by Mitchell, Oliver & Co. was a business account kept by them as merchants, and that the credits thereof resulted in part from the proceeds of collections of paper belonging to Mitchell, Oliver & Co., and of discounts made of their paper by the garnishee, and of money received by them in payment of debts due them.

The *second*, that if the money in the hands of the garnishee was part of deposits made by and credits received by Mitchell and Oliver, with the garnishee, under the circumstances mentioned in the evidence, then the fact that

the account was kept in the name of the firm as *agents* was no bar to recovery.

The *third,* that the agreement of Mr. Marshall of May 23d, 1867, was no bar to the plaintiffs' recovery, unless it was actually delivered to the garnishee to be acted upon, and then only to the extent that the garnishee paid out on the checks of Mitchell, Oliver & Co., money standing to their credit at the date of the garnishment, or of said paper.

The garnishee offered five prayers:

1st. That if Mitchell, Oliver & Co. were factors and commission merchants, and the funds in the hands of the garnishee were moneys received by the said firm for their consignors and principals, in the course of their business, and deposited by them in the name of the firm as agents, in the manner stated in the evidence, and that no part of those funds were the proper moneys of said firm or either of them, then those funds were not liable to this attachment.

2d. That the funds of Mitchell, Oliver & Co. were not liable to attachment for the debts of the firm of Penn & Mitchell, unless the firm of Mitchell, Oliver & Co. was solvent, and said sum, or a part of it would remain to them after a settlement of the affairs of the partnership.

3d. That there was no sufficient proof of the solvency of Mitchell, Oliver & Co., nor to show the value of Mitchell and Oliver's interest upon settlement.

4th. That the effect of the letter of Mr. Farnandis, of the agreement of Mr. Marshall, and of the transactions resulting from them, was to release the balance of $490.44 from the attachment.

5th. That on account of the discount by the Franklin Bank of the note of Mitchell, Oliver & Co. for $4,500 before the laying of the attachment, and the consequent indebtedness of that firm to the bank, when said note fell due in June, 1867, continuing up to the time of trial to a

much larger amount than the balance in hand at the date of laying the attachment, the plaintiffs could not recover.

The Court rejected the first and second prayers of the plaintiffs, granted their third prayer, and rejected all those of the garnishee save the first, which was granted.

And the Court further instructed the jury, as follows:

That if at the date of the attachment there was money standing on the books of the Franklin Bank, to the credit of Mitchell, Oliver & Co., agents, which belonged to said Mitchell & Oliver themselves, then the plaintiffs are entitled to recover the same, or so much thereof as will pay the judgment on which attachment was issued, unless the jury shall find that said Mitchell & Oliver are indebted to the garnishee, upon any *bonâ fide* contract, for good consideration existing before the laying of the said attachment, and now (at the time of trial) due and payable, in which event the garnishee is entitled to appropriate the said money towards the payment of said debt to the garnishee, and the plaintiffs are only entitled to recover the balance, if any, left after such appropriation.

To the rejection of their first and second prayers, to the granting of the first prayer of the garnishee, and to the instruction given by the Court, the plaintiffs excepted, and the verdict and judgment being against them, they appealed.

The cause was argued before BARTOL, C. J., GRASON, MILLER and ALVEY, J.

*William A. Fisher*, for the appellants.

The money attached, if it belonged to Mitchell and Oliver, two of the defendants to the original judgment, was liable to be taken to satisfy that judgment. That judgment constituted a joint and several debt. It might be enforced against each one, against any two, or all three of the defendants.

The creditors of Mitchell, Oliver & Co., had no equity

as against the creditors of the two members of that firm. The case would have been different, perhaps, had the judgment been against two, and the attachment levied on the partnership property of those two *and a third.* But this is doubtful in Maryland. *Wallace vs. Patterson,* 2 *H. & McH.,* 463.

The instruction given by the Court was to the effect that the garnishee could retain the money to pay a debt which became due to it after the attachment had been served, if the contract out of which such debt arose, existed before the garnishment, and this without regard to the question, as to whether that contract was one which had any relation to the fund attached or not.

The appellants contend that the attachment gave a lien on the funds in the hands of the garnishee at the time of the garnishment, *subject only to the effect of any agreement between the garnishee and the defendants at the time of garnishment, touching the property attached. Troxall vs. Applegarth,* 24 *Md.,* 183; *Balt. & O. R. R. Co. vs. Wheeler,* 18 *Md.,* 378.

The fact that the bank, at the time of garnishment, held a note of the defendants, which had not then matured, did not give it any lien, express or implied, on the balance standing to the credit of the defendants. Such a lien would not begin until the note of the defendants had matured. Until that time, the defendants could have drawn the money; and before that lien began, the lien of the plaintiffs had attached. *Hinkley & Mayer on Attachment, sec.* 174; *Drake on Attachment, secs.* 220, 221, 222, (*1st ed.*); *Somerville vs. Brown,* 5 *Gill,* 418; *Ingalls vs. Dennett,* 6 *Greenleaf,* 79.

*Mord Lewis* and *Thomas Donaldson,* for the appellee.

Under the rulings appealed from, two points were decided: .

1st. That funds in a bank to the credit of Mitchell, Oliver & Co agents, were not liable to an attachment on

judgment against the two members composing that firm for the debt of a previous firm, of which they were both members, if said funds were deposited in the course of the commission business of Mitchell, Oliver & Co., for their customers, and if no part of those funds was the proper money of the firm of Mitchell, Oliver & Co., or of either of its members, even although each item of deposit was not made on account of a particular customer, but all the deposits were made a common fund in the name of the firm, as agents.

2d. That if a bank has discounted for one of its customers, before attachment laid, a note which falls due after the attachment is laid, but before the trial of the attachment suit, it has a right to apply to the payment of that customer's debt to itself for said discount, funds standing on its books to the credit of that customer at the date when the attachment was laid.

Both of these points were correctly ruled, and the following authorities will be found to sustain the decision of the Superior Court: *Drake on Attachment, secs.* 489, 517, 567 *to* 571, 685 ; 1 *Am. Lead. Cases,* 473, 474 ; *B. & O. R. R. Co. vs. Wheeler,* 18 *Md.,* 372 ; *Groome vs. Lewis,* 23 *Md.,* 137 ; *Troxall vs. Applegarth,* 24 *Md.,* 182 ; *Ex parte Foster,* 2 *Story,* 131 ; *In the matter of Bellows & Peck,* 3 *Story,* 428.

ALVEY, J., delivered the opinion of the Court.

In regard to the facts upon which the prayers of both parties were based, there seems to be no dispute; and upon the hypothesis that the credit attached belonged to Mitchell and Oliver, two of the defendants in the attachment, the Court below instructed the jury that it was competent to the garnishee to appropriate such credit to the payment of a debt against the defendants, which had been contracted before, but did not fall due until after the laying of the attachment, and before trial. And in thus instructing the jury, we think the Court did not err.

There is nothing in the attachment law of this State to justify the conclusion that it was designed, by allowing garnishment to be made, to place the garnishee in a worse position, in reference to the rights and credits attached, than if he had been sued by the defendant. The attaching creditor seeks to have himself substituted to the rights of his debtor as against the garnishee, and by laying his attachment, he acquires no superior right to that of his debtor. The right of condemnation must, therefore, be subject to any such right of set-off or discharge existing at the time of garnishment, as would be available to the garnishee if he were sued by the defendant. Any other rule would, in many cases, work gross injustice, and might, moreover, be subject to great abuse.

What, then, were the rights of the garnishee in respect of the fund attached, if it had been sued for by the defendants, Mitchell and Oliver? As against them, there could be no question of the right of the bank to retain the amount on deposit to their credit in part payment of the debt against them, provided such debt was due and payable to the bank at the time of trial. 7 *Gill & John.,* 138; 8 *Gill & John.,* 218; 2 *Har. & John.,* 77; 6 *Md.,* 51. The only question, therefore, is whether the attachment having been laid on the 11th of May, 1867, and the note then held by the bank against the defendants for $4,500 not maturing until the 17th of June, 1867, the garnishment so affected the fund, or changed the relation of parties, as to defeat the right of set-off which would have been complete as against the defendants on the maturity of the note. We think not. For though the note was not due at the time of garnishment, and was not, therefore, actionable, it was, nevertheless, an existing debt, payable at a future time, and becoming due before trial, was good matter of set-off, as well against the attaching creditor as against his debtor.

This right of set-off or discharge, as against the attach-

ing creditor, should not, however, extend to any matter originating by the action of the garnishee, subsequent to garnishment, as otherwise it would be in the power of the garnishee in a majority of cases to defeat the right of condemnation, which should not, by any means, be allowed.

The instruction of the Court, based as it was upon the hypothesis contended for by the appellants, that the money attached belonged to the defendants, and was, therefore, attachable, is decisive of the case, and it consequently becomes unnecessary to refer to the other propositions discussed in argument.

*Judgment affirmed.*

