## CLARENCE M. ROBERTS *v.* FIRST NATIONAL BANK OF SOUTHERN MARYLAND.

[No. 15, January Term, 1929.]

*Decided March 20th, 1929.*

The cause was submitted on briefs to Bond, C. J., Patti-son, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Ogle Marbury,* for the appellant.

*T. Van Claggett* and *M. Hampton Magruder,* for the appellee.

Urner, J., delivered the opinion of the Court.

The First National Bank of Southern Maryland obtained a judgment by confession for $420.60 against Richard B. B. Chew, who thereafter, in a contested suit, secured a judgment on verdict against Wilbur F. Nash for $1,400. The latter judgment was assigned by the plaintiff to his attorney, Clarence M. Roberts, by whom the suit had been conducted. While the assignment was absolute in form, its purpose was to afford security to Mr. Roberts for his fee and for money advanced, aggregating $467, and he was to be accountable to the assignor for his collections on the judgment in excess of that sum. An attachment was issued on the judgment of the First National Bank against Mr. Chew, and was laid in the hands of Mr. Roberts as garnishee. Subsequently the judgment which he held as assignee was paid with his consent directly to his assignor, who then made settlement with him for the amount of his fee and advancements. At the trial of the attachment case, the defense of the garnishee was that he had never received any of the fund sought to be attached, and he asked for a directed verdict in his favor upon that theory. The request was refused, and at the plaintiff's instance the court below instructed the jury, in effect, that if the garnishee, while the attachment was in force, permitted his assignor to receive the money due on the assigned judgment, and the sum as to which the garnishee thus waived his right of collection was sufficient to pay the attachment claim, a verdict should be rendered against him for its amount. Those rulings are the subject of the only exceptions in the record on this appeal from a judgment for the plaintiff.

The payment of the assigned judgment was made in the office of Charles T. Clayton, the debtor's attorney. He had notified Mr. Roberts of his readiness to pay the judgment with a check which his client had sent him for that purpose. When Mr. Roberts, accompanied by Mr. Chew, called at Mr. Clayton's office, the check of the judgment debtor, drawn to the order of his attorney, was produced, and after endorsing it in blank, Mr. Clayton, according to his testimony, tendered it to Mr. Roberts, who said, "Give it to Mr. Chew." The check was then laid on the desk by Mr. Clayton and was taken by Mr. Chew, who then signed a release of the judgment. At that time Mr. Clayton was not aware that Mr. Roberts held the judgment by assignment. It was testified by Mr. Roberts that, after endorsing the check, Mr. Clayton inquired, "Who gets the check?" and Mr. Chew said, "I will take it," and it was then handed by Mr. Clayton to Mr. Chew. The latter account of the transaction places Mr. Roberts in the position of merely acquiescing in the payment of the judgment to his assignor, while the former narrative attributes to him an affirmative direction to that end. In either event, he relinquished his right as assignee of the judgment to receive the fund provided for its payment. By virtue of the assignment, he held the judgment in trust for himself and the assignor according to their respective interests. The judgment was a specific lien on real estate of the debtor which had been seized in process of execution. The equitable interest of the assignor in the judgment had a real value, which was ascertainable at the time of the trial and therefore subject to condemnation. *Early v. Dorsett*, 45 Md. 462; *Hardesty v. Campbell*, 29 Md. 533. It was unquestionably subject to attachment in the hands of the assignee. Code, art. 9, sec. 29.

The efficacy of the inchoate lien created by the service of the attachment upon the garnishee could not be impaired by his subsequent consent that the assignment be ignored. *Farmers & Merchants Bank v. Franklin Bank,* 31 Md. 404, 412. Even a formal retransfer of the judgment to the assignor would not have defeated the lien of the attachment,

to which his interest, in the hands of his assignee, had been duly subjected. It was said in *Bedding Co. v. Warehouse Co.,* 146 Md. 492, that "if the specific goods attached are not in the hands of the garnishee at the trial for a judgment of condemnation, by reason of his having parted with or lost the possession of the goods, or surrendered them to the owner, the liability of the garnishee is to be ascertained by the value of the defendant's property in his hands from the date of the laying of the process in the garnishee''s hands to the time of trial." The execution of the writ placed the attaching creditor in the same position, with respect to the attached rights and credits, which his debtor occupied. *Farley v. Colver,* 113 Md. 379; *Myer v. Insurance Co.,* 40 Md. 595. It was thereafter the duty of the garnishee to hold the attached interest of his assignor until the rights of the parties were adjudicated. In the full performance of that duty, and with proper regard for his liability as garnishee, he should have accepted the proceeds of the judgment and held the assignor's share pending the determination of this suit. The fact that he did not actually receive the fund is immaterial, in view of his rights as assignee of the judgment and his obligation as garnishee. *Glenn v. Boston & Sandwich Glass Co.,* 7 Md. 287.

There was no error in the rulings presented for review.

*Judgment affirmed, with costs.*