516 A.2d 596

**A.E. COCCO, M.D., P.A.**

v.

**MERCHANTS MORTGAGE CO., et al.**

**No. 703, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

Oct. 29, 1986.

Sandon L. Cohen (Curtis C. Coon and Burke, Gerber, Wilen & Francomano, on the brief), Baltimore, for appellant.

Clifford C. Whitney, III (John J. Kenny and Frank, Bernstein, Conaway & Goldman, on the brief), Baltimore, for appellees.

Argued before WEANT and ROBERT M. BELL, JJ., and JAMES S. GETTY, Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

JAMES S. GETTY, Judge, (retired), Specially Assigned.

In this case of first impression, A.E. Cocco, M.D., appeals from the entry of summary judgment by the Circuit Court for Baltimore City which established that he owed the sum of $3,648.84 to Merchants Mortgage Company, Leroy E. Hoffberger and Morton J. Hollander.

The facts of the case are not in dispute. The appellees are the holders of a partially unsatisfied judgment against Eugene J. Silverman, an attorney specializing in collection work. Silverman represented Dr. Cocco in collecting overdue accounts. Beginning in March, 1984, by mutual agreement Silverman received payment for his services by deducting from the amount of money he collected his fifty percent contingent fee and forwarding the remainder to the Doctor.

On October 23, 1984, the appellees filed a writ of garnishment, tracking Md.Rule 2–645(e), directed to Dr. Cocco demanding that he admit or deny that he was either indebted to, or was in possession of, property belonging to Silverman. Dr. Cocco answered the writ denying that he owed

any debt to Silverman, or that he had possession of any property belonging to Silverman.

Silverman, meanwhile, filed a voluntary petition in the United States Bankruptcy Court for the District of Maryland on March 6, 1985. Neither he nor the trustee in bankruptcy participated in appellees' garnishment action against Dr. Cocco.

In replying to Dr. Cocco's plea of *Nulla Bona,* the appellees alleged that they were entitled to recover from Dr. Cocco the sum of $3,645.84, representing the amount of legal fees received by Silverman, in the manner agreed to by Dr. Cocco, between the date of service of the writ and the date Silverman filed for bankruptcy.

Both parties moved for summary judgment. The trial judge, following an earlier ruling he issued in an identical garnishment action involving Silverman and Household Bank, granted appellees' motion and entered judgment against Dr. Cocco for the amount claimed. This appeal followed.

The trial judge based his decision upon the holding of the Missouri Court of Appeals in *Buckner v. Western Life Insurance Co.,* 382 S.W.2d 12 (1964). The facts in that case establish that the garnishee, Western Life Insurance Company, authorized an agent collecting premiums to deduct his commission from each collection and to remit to the company the net remaining portion of the premium. A judgment creditor of the agent summoned Western Life Insurance Company as garnishee to obtain the amounts due and owing the agent. The garnishee argued, as in the present case, that it had no property belonging to the debtor by reason of the established practice of allowing the agent to deduct his commission before remitting the balance to the company.

The Missouri Court rejected this argument and held that where a policy holder paid a premium to the agent and received from him the Company's authorized receipt therefor, it was in law and in fact a payment to the Company of a debt due the Company. Payment to the authorized agent of

a creditor by the debtor, the court reasoned, is equivalent to direct payment to the creditor. The money collected by the agent, therefore, was in the Company's possession, because the agent's possession is possession by the principal.

An opposite result was reached by the Supreme Court of Alabama in *Escambia Chemical Corporation v. United Insurance Co. of America,* 396 So.2d 66 (1981). The uncontroverted facts in the Alabama case are virtually indistinguishable from those in *Buckner,* supra. The insurance debit agent of the garnishee, United Insurance Company, collected premiums and remitted to his principal the net amount due the company after deducting his commissions. The Alabama Court rejected the notion that the premiums were constructively under the control of United. The Court held:

> "There is no liability on the part of the garnishee to the defendant (agent) Kirkland, that would enable Kirkland to maintain an action at law against the garnishee and recover a judgment ... Kirkland's commissions never came under the control of United so that they could be sued upon in debt or indebitatus assumpsit. It has long been the law in this state that only such debts as could be sued upon in debt or indebitatus assumpsit can be subject to garnishment."

While the precise question posed by this appeal has not been addressed by our appellate courts, several cases involving garnishment proceedings set forth the settled case law applicable to garnishment. A writ of garnishment is designed to prevent the garnishee from prematurely disposing of any assets belonging to the judgment debtor that come into the garnishee's hands at anytime prior to the resolution of the garnishment proceeding. *Fico, Inc., v. Ghinger,* 287 Md. 150, 411 A.2d 430 (1980). The garnishee, furthermore, need not have actual possession of the assets in order to be obligated to preserve them, providing he has a right of possession and control of the assets. *Glenn v. Boston & Sandwich Glass Co.,* 7 Md. 287 (1854); *Roberts v. First National Bank,* 157 Md. 36, 145 A. 220 (1929).

Several decisions of the Court of Appeals have established that the rights of the creditor in relation to the garnishee cannot rise above the rights of the debtor. In *Mesall v. Suburban Trust*, 244 Md. ·502, 224 A.2d 419 (1966), Chief Judge Hammond, speaking for a majority of the Court of Appeals, said:

> "The liability of the garnishee to the attaching creditor in respect of property or credits in his hands is determined ordinarily by what his accountability to the debtor would be if the debtor were in fact suing him. If by the exercise of any pre-existing bona fide contract right that accountability has been removed or lessened prior to trial, the garnishee's liability to the attaching creditor is correspondingly affected. The Maryland cases have spelled out that garnishment cannot have the effect of changing the nature of a contract between the garnishee and the debtor or of preventing the garnishee from performing an existing contract with a third person, all of which is to say the creditor is subrogated to the rights of the debtor and can recover only by the same right and to the same extent, as could the debtor if he were suing the garnishee."

See *B & O Railroad Co. v. Wheeler*, 18 Md. 372 (1862); *Farmers and Merchants Bank v. Franklin Bank*, 31 Md. 404 (1869); *Odend'hal v. Devlin*, 48 Md. 439 (1878); *Farley v. Colver*, 113 Md. 379, 77 A. 589 (1910); *Cole v. Randall Park Holding Company*, 201 Md. 616, 95 A.2d 273 (1953); *Thomas v. Hudson Sales Corp.*, 204 Md. 450, 105 A.2d 225 (1954).

■ The appellees suggest that the policy holders, as the Missouri Court decided in *Buckner*, supra, owed no debt to the agent who collected their premiums and, therefore, the entire premium was owed to and paid to the insurance company through its agent. As soon as the payment was made, according to appellees, the company was in constructive possession of the entire premium and that portion due the agent was subject to garnishment. Applying that argument to the case *sub judice*, appellees contend that nothing

was owed by Dr. Cocco's patients to Silverman and payment to Silverman as Dr. Cocco's agent, of the indebtedness owed the physician, was in fact a remittance of the entire debt to Dr. Cocco. Silverman's fees, the argument suggests, were subject to garnishment. Any contrary interpretation of the law would, according to appellees, leave a glaring loophole for judgment debtors to evade their legal obligations.

The argument presented by the appellees is flawed in several respects. Addressing the "loophole" argument first, we point out that there is nothing illegal or tainted in a bona fide contingent fee or commission contract providing for a remittance to the principal of that portion of the amount collected after deduction of the fee for the services rendered. Additionally, the agreed statement of facts in this case does not in anyway suggest that the agreement between Dr. Cocco and Silverman was collusive or designed to defraud creditors. As far as the record shows, Dr. Cocco may well have been unaware of Silverman's judgment status.

We have no quarrel with the assertion that Silverman was Dr. Cocco's agent and that payment to an agent is payment to the principal. Appellees, however, ignore the fact that garnishment was never intended to change the effect of a bona fide contract between the garnishee and the debtor. The judgment creditor's rights cannot exceed those of the debtor. Under the contractual arrangement between them, Silverman could not sue Dr. Cocco for the reason that Dr. Cocco was not indebted to him. The converse is also true, Dr. Cocco owed Silverman nothing. The only funds in Dr. Cocco's hands were his own. The judgment creditor, therefore, stands in Silverman's shoes; his rights are not superior to, but the same as the debtor's.

Clearly, when Silverman received payment on a bill collected on behalf of his client, the funds were subject to garnishment. The fact that the creditor was unaware of when payment was made to Silverman cannot place a greater burden on the garnishee. We agree with appellees that

if a debtor and a garnishee set up a payment schedule designed to defraud judgment creditors, upon proof of the same garnishment would be appropriate. That is not this case. Appellees would have us declare that garnishees who enter into contracts providing for deductions of commissions and/or fees by the agent before remitting to the principal, do so at their peril. We reject that reasoning. In a garnishment proceeding the test of the liability of the garnishee is whether he has funds, property or credits in his hands, the property of the debtor, for which the debtor would have the right to sue. *Walsh v. Lewis Swimming Pool Construction Company, Inc.*, 256 Md. 608, 261 A.2d 475 (1970). By valid agreement, preceding the issuance of the writ, Dr. Cocco had no property belonging to the debtor, Silverman.

JUDGMENT REVERSED.

Costs to be paid by Appellees.